ALBANY,
August, 1810.

KIP
v.
BRIGHAM and
others

KIP *against* BRIGHAM and others.

*A sheriff who had taken a bond with sureties, for the liberties of the gaol granted to a prisoner in execution, was sued for an escape, and a judgment recovered against him. He gave notice to the sureties of the suit, which was regularly defended by the sheriff, aided by the sureties. The sheriff, afterwards, brought an action on the bond for his indemnity; and it was held, that the recovery in the former suit was conclusive evidence in the suit on the bond; and that the defendants could not, on the trial of the suit against them on the bond, controvert the fact of the escape.*

THIS was an action brought by the plaintiff, as sheriff of the county of *Oneida*, against the defendants, on a bond given as security for the gaol liberties, granted to the defendant, *Abel Brigham*, who had been arrested and imprisoned on a *ca. sa.* in favour of *John Bissell*.

At the trial, the plaintiff gave in evidence, the record of a recovery against him, in favour of *Bissell*, for the escape of the defendant *Brigham*; that immediately after the suit was commenced against the plaintiff, he gave notice thereof to the defendants, and the suit was regularly defended by the plaintiff, aided by the active coöperation of the defendants' counsel. The judge ruled, that the record of the recovery in that suit was conclusive against the defendants in this suit, unless they could show fraud or collusion between the plaintiff and *Bissell*: And he rejected evidence offered by the defendants, to controvert the fact of the escape. A verdict was accordingly found for the plaintiff.

A motion was made to set aside the verdict; and the question submitted to the court was, whether the opinion of the judge was correct.

*Gold,* for the plaintiff.

*Platt,* contra.

*Per Curiam.* There was no misdirection on this point. The case of *Blasdale* v. *Babcock,* (1 *Johns. Rep.* 517.) shows that the record was evidence, in this case, for the plaintiff; and as the bond, on which the suit was brought, was, in effect, a bond of indemnity, the recovery, after notice to the defendants, and their assuming the defence, was conclusive, that the plaintiff had been damnified to that extent. The case of *Duffield* v. *Scott* (3 *Term Rep.* 374.) is to this point; and the present is a stronger case, because here the defendants assumed upon themselves the defence of the suit, and became essentially parties. The case of principal and surety, is said (*Pothier, Traité des Obligations,* part 4. c. 3. s. 3. n. 61.) not to come within the rule of *res inter alios acta.* The case of *Bander* v. *Fremberger,* (4 *Dallas,* 436.) is also a strong authority in support of the opinion given upon the trial. The suit there was on the covenant of warranty in a deed; and to show a breach, the plaintiff gave in evidence a recovery against him in ejectment, by a third person, and that the defendants had notice of this ejectment, and took part in the defence. The defendant then offered to controvert the title of that third person, and that he conveyed a good title to the plaintiffs; but the court held the evidence inadmissible. The same rule was laid down in the case of *Hamilton* v. *Cutts.* (4 *Tyng's Mass. Rep.* 349.) The motion to set aside the verdict is therefore denied.

Motion denied.