Tayxoe, Chief Justice. —
 

 This is an action against the securities to a guardian bond, in which the ques-tion arises, whether the record of a judgment recovered against the guardian, in a suit brought against him alone, in behalf of the present plaintiff, is competent evidence against the defendants.
 

 The general rule laid down by all the writers on the law of evidence is, that it would be unjust to bind a third person by a judicial proceeding between two, in which he could not be admitted to make a defence, or to examine witnesses, or to appeal from a judgment which he might think erroneous. A verdict or judgment, however, in a former action, upon the same matter directly in question, is also evidence for and against privies in blood, privies in estate, or privies in law, because their rights are derived under the person against whom the judgment is recovered, and must consequently be bound as his were.
 

 Every reason assigned for the exclusion of such evidence, applies with full force to this case; for there defendants had no opportunity of making a defence in the former action, of examining witnesses, or of appealing from the judgment; nor is there such a privity subsisting between them and the guardian, as to form an exception to the rule. (1
 
 State Trials
 
 219.
 
 Runn. Eject.
 
 364.)
 

 The defendants entered into a joint and several bond, ■conditional for the faithful performance of the guardian’s.
 
 *38
 
 duty; blit they have made no agreement, by the nature of their contracts, to be concluded by a judgment against their principal; they ought, of course, to be bound only upml the assignment and proof of a breach of the condition, m a suit against themselves.
 

 If A binds himself to pay for goods sold and delivered to B, the admission of
 
 B
 
 as to the amount of the goods sold and delivered to him, is not admissible evidence in a suit against A. (5
 
 Espm.
 
 26.)
 

 Nor, upon the same principle, could a judgment against 33, founded upon his admission of the debt, be evidence against A. So if A and B be bound in a recognizance thatB shall keep the peace, in another
 
 scire Jadas
 
 against A, he shall not be estopped by the first trial. (10
 
 Vin.
 
 464.)
 

 Another rule of evidence intimately connected with the foregoing is, that no record can be given in evidence, but such whereof the benefit may be mutual, that is, such as might he given in evidence either by the plaintiff or defendant; or according to
 
 Baron Gilbert,
 
 that nobody can take benefit by a verdii t, w;bo had not been prejudiced by it, had it gone contrary. The reason why it would not be evidence
 
 against
 
 the party has been
 
 already
 
 shown. And it could not be relied on by a stranger to the former suit, even against the party to it, because if the person offering it had been a party instead of the person gaining the verdict, different evidence might have led to a different result; or it might have been gained by such evidence as would have been inadmissible if offered against himself. So that to admit a verdict as evidence under such circumstances, would be giving the party the
 
 benefit
 
 of evidence, which he could not avail himself of in his own suit. But this reason seems to apply only where the verdict is offered in evidence by a third person against the party who failed in the former action, and not where it is produced against the party who succeeded. (1
 
 Phil.
 
 233.)
 

 
 *39
 
 It goes, however, to show, that if the guardian hád succeeded in the suit brought against him by the plaintiff, the judgment could not be offered by these defendants to repel the action; and, therefore, as the judgment was rendered against the guardian, it shall not be evidence against this defendant.
 

 The cases relied upon to show that a judgment against one person is admissible evidence against another, not a party to the suit, are all, either within the literal terms of the exception or within its sperit, relative to privies.
 

 The cases wherein the warrantee or covenantee of lands or chattels, have been allowed to give in evidence, against the warrantor, or covenantor, the judgment of eviction, or recovery against themselves, have proceeded on the ground of privity of contract; and most of them have been accompanied with notice of the suit,, and either the war-rantor did defend it, or might have done so, and employed the name of the defendant. Some of them have been decided on the principle that there was a covenant against eviction, which, therefore, as a fact, the party was at, liberty to prove by the judgment, but he must still allege that the eviction was by a lawful title. In these cases, the covenantor was in fact, if not nominally, a party to the first suit, and might properly have been affected by the judgment.
 

 In tiie case of
 
 Rennerly
 
 v.
 
 Onpie,
 
 cited from 2
 
 Douglas
 
 517. there was a verdict for the plaintiff, in an action of trespass, committed in the plaintiff’s fishery, against one who justified as servant, and this was received
 
 at nisi prius
 
 as conclusive evidence against another defendant, in a subsequent action, for a penalty incurred by destroying fish in the same fishery. On a motion for a new trial, it was held only to be
 
 admissible
 
 evidence; but in a recent case, it is justly doubted, whether the record of the first suit was at all admissible in evidence, upon the subsequent action against the. defendant, who was not a party to the former action. (2
 
 East
 
 866.) It is true that by our
 
 *40
 
 act of 1784, a judgment recovered against an executor by a cre(iitor who seeks satisfaction out of the real es-
 
 J
 
 tate, is made evidence against the heir, who is allowed tIie same t'i!!e to prove, if lie can, that the executor has not fully administered. But this very provision shows that, in the opinion of the legislature, it was not admissible evidence upon common law principles.
 

 The case of
 
 Rip
 
 v.
 
 Brigham and others,
 
 was cited from 6
 
 Johns.
 
 158. That was a contract for indemnity, and all these contracts stand upon peculiar grounds; « for if a demand be made, which the person indemnifying is bound to pay, and notice be given to him, and he refuse to defend the action, in consequence of which the person to be indemnified is obliged to pay the demand, that is equivalent to a judgment, and estops the other party from saying that the defendant in the first action was not bound to pay the money.” Per
 
 Butter J.
 
 in 3 Term
 
 Rep.
 
 374.
 

 And the case in 6
 
 Johns,
 
 was decided in conformity to this rule; for there the sheriff had taken a bond with sureties for the liberties of the jail, granted to a prisoner in execution, and a judgment was recovered against the sheriff for an escape, and it was held that the sheriff might, in an action against the sureties, give the recover ry in the former suit in evidence, and that it was conclusive, and prevented the defendants from controverting the fact of the escape.'But a very important fact in that case was, that regular notice of the first suit was given to the defendants, who assumed upon themselves the de-fence of the suit, and became essentially parties.
 

 A case was cited from 1
 
 Ld. Raym.
 
 190. in which the declaration of an under sheriff was received as evidence against his principal; but the rule laid down in that case has been restricted, by later cases, to declarations constituting a part of the
 
 res gestea.
 
 (1
 
 Campb.
 
 391.
 
 Peake
 
 65.
 
 Phil.
 
 76.)
 

 It is remarkable in the case cited from 6
 
 Johns.,
 
 the Court lay down the broad position, that the case of prin-
 
 *41
 
 cip'al and sureties does not come witíiin the rule of
 
 res inter alios acta,
 
 for which
 
 Pothier
 
 is cited. But upon récur-ring to the work of that perspicuous writer, it will appear, that although this position is correct in the civil i law, it is so upon reasons and principles which have no existence in our law, and the total absence of which amounts to absolute demonstration, that the case of principal and sureties is within the rule of
 
 res inter alios acta,
 
 according to the law we arc now engaged in administering.
 

 It was a rule of the civil law, that the obligation of the surety being dependant upon that of the principal debt- or, the surety is regarded as the sameparty with thep'rin-eipal, with respect to whatever is decided for or against him. Therefore, if the demand against the principal has been dismissed, the surety may, in case be is afterwards proceeded against, oppose the exception,
 
 sic judicata,
 
 to the creditor. The creditor cannot iii this case reply, that it is res
 
 inter alios judicata;
 
 for as it is the office of a surety, that his obligation depends on that of his pjriiiciphl, that the surety cannot owe more than the principal, and that he may oppose all the exceptions in rem, which could be opposed by the principal; it follows, that whatever has been decided in favour of the principal, must be taken to be decided in favor of the surety, who ought in this respect to be considered the same party. And on tlie other hand, if the judgment was against the principal, tlie creditor may oppose it to the surety, arid demand that it may be carried into execution against him.
 

 This is the rule of the civil law, which, taken nakedly and without an investigation of the reasons on which it is founded, would clearly show, not only the admissibility of this judgment against the sureties, but also its conclusiveness. But the same writer proceeds tb explain the reasbn of thisVule, which is, “that the surety is allotted to appeal against the judgment, or to form an opposition to it, if it is in the last resort.”
 
 (Pothier on Obligations. Part
 
 4. c. 3.
 
 A. 5. s.
 
 62.)
 

 
 *42
 
 No comment is necessary to show, that it is precisely because these reasons have no existence in our law, that the case of principal and surety docs not form an except tion to the rule of
 
 res inter alios judicata.
 
 It is governed by the rule, and the judgment should be affirmed.
 

 Ham,, Judge.
 

 It is a maxim in law, founded on the immutable principles of justice, that a person shall not be deprived of his property, or divested of his rights, without being heard in his defence. Privies are bound by judgments against their principals; but there is no departure from the rule in those cases, because their principals under whom they claim were parties to such judgments. The present defendants are not privies to the defendant against whom the decree was made which is now sought to he given in evidence. They bound themselves as his securities, that he, as guardian, should deliver over all the estate to the person who was entitled to receive it; but not to pay the amount of any decree that might be made against him. The decree is not proof of an acknowledgment by the defendant to it, of money or property in bis possession to that amount, because it was made
 
 in invitum.
 
 It was made upon evidence offered by the petitioner with which these defendants were not confronted, and which they had not the opportunity (and if they had, they liad not the right) of opposing or explaining by other evidence. The guardian'and securities are not identified by similar obligations in the bond, but the securities bear an exact resemblance to each other, and it would not be pretended that a. judgment obtained against one security, would be evidence in a second action, against another security. I, therefore, think the Judge properly rejected the decree in this case as evidence, and that the rule obtained for a new trial, should be discharged
 

 Henderson, Judge, concurred.
 

 Judgment aeeiemed.