UTICA,<br/>
Aug. 1828.<br/>
<br/>
Riley<br/>
v.<br/>
Seymour.

---

## RILEY & WRIGHT *vs.* SEYMOUR.

ERROR from the Monroe common pleas. Seymour sued Riley and Wright before a justice on a bond, conditioned that Wright, who was in the custody of Seymour, as sheriff of the county of Monroe, on a justice's execution in favor of Luman Ashley, should remain a true and faithful prisoner, and should not go without the limits of the liberties of the jail, until discharged by due course of law ; and assigned for breach, that Wright had gone without the limits, &c. The defendants plead the general issue, and that Wright had remained a true and faithful prisoner, &c. on which last plea issue was taken. The cause was tried, and judgment rendered by the justice for the plaintiff, for the sum of $20,17 ; to be relieved from which judgment the defendants appealed to the Monroe common pleas, where the cause was again tried, on the same pleadings as before the justice, in October, 1827. The plaintiff proved a judgment recovered against him by Luman Ashley, before Joel Wheeler, Esq. a justice of the peace, for the escape of Wright, to the amount of $20,17 ; that on the return of the summons in the suit of Ashley against Seymour, the defendant did not appear, and no plea was put in to the plaintiff's declaration : the cause was, however, adjourned. On the adjourned day, Wright appeared for the defendant, but made no request to interpose a plea. He however cross-examined the plaintiff's witnesses. The plaintiff proved the commitment of Wright, and that he was subsequently seen without the walls of the prison. Wright then produced the bond given by him to the sheriff

*Where, on the return of a summons in a justice's court, there is no appearance, and the cause is adjourned to a future day, on such adjourned day the party to the suit, or the party in interest, has a right to interpose a plea. A defendant, who has not put in a plea, is not entitled to offer evidence which goes to defeat the plaintiff's right to recover. Whether a justice erred or not in the rejection of testimony on the trial of a cause before him, cannot be questioned in a collateral action. A notice by a sheriff of a suit against him, to the obligors of a bond for the limits, to charge the obligors with the effect of such notice, must be such as to give them a fair opportunity to interpose a defence. Where an obligor, under such circumstances, does appear in season to make a defence, although the notice given him is short, he will not be allowed to allege want of due notice.*

for the liberties, and offered to prove that he was liberated from close confinement on executing it ; which testimony the justice refused to receive, because no plea had been interposed ; and on the testimony produced by the plaintiff, rendered judgment against the defendant.   Notice of the suit was given to both Riley and Wright, but not until after the adjournment of the cause of Ashley against Seymour.

The counsel for the defendants, Riley and Wright, applied to the common pleas that the plaintiff be nonsuited, on the ground that the judgment of Ashley against the plaintiff was not conclusive against them, they not having had due notice of the suit.   The court denied the motion, saying, that although the notice of the suit was insufficient, yet the defendants, by appearing and endeavoring to defend, had waived the objection of want of notice.   The defendants then offered to prove that Wright had remained a true and faithful prisoner, according to the condition of the bond ; which proof was rejected by the court, on the ground that the defendants were estopped, by the judgment in the case of Ashley against the plaintiff, from controverting the fact of the escape ; to which decision the defendants excepted.   The jury found a verdict for the plaintiff under the charge of the court. · The cause now comes before this court on writ of error, removing the record and bill of exceptions.   It was submitted on written arguments.

*J. H. Gregory*, for plaintiffs in error.   The appearance of Wright on the trial of the cause of Ashley against the plaintiff, was not a *waiver* of his right of notice. (*Jacob's Law Dict. title Waiver.*)   A judgment against the sheriff for the escape of a prisoner committed on an execution, is not evidence of such escape in an action against the obligors of a bond for the limits, unless it is shewn that due notice of the suit against the sheriff was given, so that they had the opportunity of contesting the fact of the escape.   Such opportunity did not exist in this case, by the omission of the sheriff to interpose a plea, and his neglect to notify the defendants until after the adjournment of the cause.   After the adjournment of a cause in a justice's court, a plea cannot be interposed. (10 *Johns. R.* 108.   11 *Johns. R.* 69.)

*A. Gardiner*, for defendant. The question is not whether the appearance of Wright was *technically* a waiver, but whether it ought not to be considered as an abandonment of the ground of defence which the defendants otherwise might have had. They lost nothing by the omission of the sheriff to put in a plea, because in a justice's court, where the suit was pending, a plaintiff is bound to make the same proof where there is no appearance, as where a plea is interposed. (10 *Johns. R.* 106.) The *liberties* are the prison of the county, (2 *T. R.* 130, 6 *Johns. R.* 123, 10 *Johns. R.* 549, 563,) and as long as a prisoner remains within them, he is in custody, and the sheriff cannot be charged with an escape. Wright might, therefore, have required proof from Ashley of an escape from the limits of the liberties. The parties having had due notice of the suit, considered by them as such, evinced by their appearance and attempt at defence, they are estopped by the judgment in that suit from contesting the fact of escape.

*By the Court*, WOODWORTH, J. The plaintiffs in error executed a bond to Seymour, sheriff of Monroe, conditioned that Wright, who had been committed on a justice's execution, should remain a faithful prisoner. Seymour commenced an action in a justice's court on the bond, alleging an escape. Plea, that Wright remained a faithful prisoner, upon which issue was taken, and judgment for plaintiff. The cause was removed by appeal, and tried in the common pleas, where judgment was again rendered for the plaintiff. The bill of exceptions states, that the plaintiff below produced and proved the docket of a judgment rendered before J. Wheeler, a justice, in favor of Ashley against Seymour, for the escape of Wright. It appeared that the summons was returned Nov. 30, 1826, at which time the plaintiff, Ashley, declared. The cause was adjourned to Dec. 5, and judgment rendered for the plaintiff. On the return day of the summons no person appeared for Seymour, and no plea or defence was set up. On the adjourned day, Wright appeared to defend, answered to the suit when it was called, and cross-examined the plaintiff's witnesses, but made no request to

interpose a plea. Wheeler testified that the judgment was rendered on proof of the commitment of Wright, and that he was seen without the walls of the prison. Upon this testimony being given, Wright produced the limit bond, and offered to prove that he was let out of the jail upon the limits on giving that bond, and relied on that as a defence. The justice excluded the evidence, on the ground that there was no plea of defence.

The counsel for the defendant in error then called a witness, who testified that he had occasionally given notice to the bail of the sheriff; that after the adjournment of the cause of Ashley vs. Seymour, he met Riley, the bail of Wright, and informed him of the situation of the suit against the sheriff; that previous to the day of the trial, but after the adjournment, Wright called at the office of the justice, and examined the docket, or it was read over to him. The counsel for the defendants below contended that the evidence did not maintain the issue. The court decided that it did maintain the issue; that although the notice to the defendants was not sufficient, yet by appearing on such notice, and in endeavoring to defend, they had waived the want of notice, and were liable.

The counsel then offered to prove that Wright had continually remained a true and lawful prisoner according to the condition of the bond ; this was overruled on the ground that the recovery against the sheriff estopped the defendants from so doing. Exceptions were taken to these opinions, and a verdict found for the plaintiff for the amount recovered against the sheriff, with interest and costs.

The judgment against the sheriff having been acquiesced in, although erroneous, it is conclusive until reversed ; the sheriff is bound by it. It is also conclusive against the plaintiffs in error, both as to the fact of escape, and as to the amount the sheriff has been damnified, provided due notice has been given of the pendency of that suit. (6 *Johns. R.* 158.)

It is evident there was no legal ground for making the sheriff liable. If he had been permitted to show that the escape relied on by Ashley was no other than this, that Wright was released from the walls of the prison on giving a bond

for the limits, from whence he had not escaped, the defence would have been complete.

The justice testified that Wright did not offer to plead; it was competent for him so to do, on his appearance at the adjourned day, (8 *Cowen*, 87, *Lowther* v. *Crummie*,) although by previous adjudication that question was not free from doubt. It does not appear, that had a request to plead been made, it would have been denied. After the cause proceeded in the examination of testimony, the defendant offers the limit bond, and that he was removed from the prison to the limits in consequence of having given it. This evidence would have supported a plea, that Wright was committed to the prison and there remained until a bond for the limits was given, when he left the prison, went on the limits, and remained on the same ever since, averring that his leaving the prison in this manner is the escape charged by the plaintiff. As, however, no plea was interposed, I do not perceive that the justice erred in excluding the testimony. Whether he erred or not is immaterial at this time; his errors cannot be corrected in a collateral action. The preceding remarks are made to show, that if the plaintiffs in error have become liable, they cannot justly complain of the severity of the law; but may impute their liability rather to negligence in not defending the cause in the manner they might have done; that is to say, by pleading at the adjourned day in such manner as under the plea to have admitted the evidence offered; and in the event that the justice had then precluded the defence, to have reversed the judgment in a superior court. Under the circumstances, the question is, was the notice sufficient? No particular time can be laid down as a rule; it must depend on the reason of the thing; did it afford a fair opportunity to interpose the defence? If the plaintiffs in error had not appeared, I think this court would consider the notice too short; but where a party does appear, and that in season to make a defence, and when it manifestly appears that the defence could not have been legally excluded, had the defendants availed themselves of the protection the law afforded, it seems to be going too far to say, that not-

withstanding, a party may put himself on the ground that reasonable notice was not given. It will be perceived that no stress is laid on the doctrine of waiver. I very much doubt whether the mere appearance of the party and attempting to defend, when from the stage at which the suit had arrived it had become inadmissible, would in any way implicate a party. I disclaim that ground; and upon the best consideration I have been able to give this case, incline to the opinion, that the plaintiffs in error having notice of the action commenced against the sheriff, and in consequence thereof appearing, they might with ordinary skill have defended the action against the sheriff.

The judgment of the court below must be affirmed.