PICKERT *vs.* DEXTER.

Where, upon the return of a summons in a *justice's* court, after waiting *an hour* and *twenty minutes*, the plaintiff exhibited his declaration, and proceeded to the proof of his demand by examining two witnesses; and then (an hour and a half after the time specified in the summons for appearance) the defendant appeared and asked leave to plead, offering to pay all costs, and the justice refused to give such leave, and only permitting him to cross-examine the plaintiff's witnesses, it was held, that the justice had erred, and a judgment of the common pleas *reversing* the justice's judgment was *affirmed* by this court.

It seems, that in all cases it would be proper to permit a defendant to plead, if he appears on the return day of the summons, before the cause is adjourned, or after adjournment if the plaintiff is still present in court; and if the plaintiff proceeds to a hearing of his cause on the return day of the summons, the same privilege ought to be granted, if the defendant appears before the plaintiff has closed his case.

So also it seems, that where issue has been joined, and the cause adjourned for trial to a particular day, that the defendant ought to be permitted to enter upon his defence, if he appears by the time that the plaintiff has closed his proofs.

But it seems, that if the defendant does not appear on the return of the summons and join issue, and the cause is adjourned for trial to a future day, that he is not entitled on the adjourned day to plead and enter upon his defence. The authority of the cases of *Bowen* v. *Bell*, 19 Johns. R. 390, and *Lowther* v. *Crummie*, 8 Cowen, 87, questioned under the revised statutes.

ERROR from the Herkimer common pleas. Pickert sued Dexter in a justice's court by *summons,* returnable on the 9th April, 1831, at *eight* o'clock A. M. The summons was returned personally served, and at the time of its return the plaintiff appeared, but the defendant did not appear. Proceedings were suspended until 20 *minutes after nine o'clock,* when the plaintiff exhibited his declaration for goods sold,

and for work done, and called two witnesses, who were sworn and examined in support of his declaration. After those witnesses were examincd, *it then being* 30 *minutes after* 9 *o'clock*, the defendant appeared and asked leave to plead the general issue to the declaration, and offered to pay all costs in the suit. The plaintiff objected, and the justice overruled the application The defendant then offered to show a settlement between him and the plaintiff, and to prove the same by the witnesses who had already been examined. The plaintiff still objected, and the justice ruled that the defendant might cross-examine the plaintiff's witnesses in mitigation of damages, but no further. The defendant then produced in evidence a due bill, signed by the plaintiff, in these words: "Due Levi Dextor or bearer $6, 72. Nov. 26, 1830." At hird witness was then sworn on the part of the plaintiff. The substance of the testimony on the part of the plaintiff was this: a book of accounts, which was proved to be the plaintiff's, was produced, and it was shown that he had no clerk and made his own entries, and that he kept correct books. In the book was an account against the defendant, consisting of various items under date of 18th October and 17th November, 1830; the account was footed at £1, 0s. 8d., and then followed a charge without date, in these words: " To 5 yds. and three quarters of broad cloth at $5 per yd." One of the witnesses proved the purchase by the defendant of a quantity of broad cloth, and another testified that she was present when the parties made a settlement and that to the *best of her reccollection* the defendant had the cloth *after the settlement.* The justice allowed the plaintiff his charge for the cloth, and deducting therefrom the amount of the due bill, gave judgment for the plaintiff for $21,83, The defendant sued out a *certiorari*, and the common pleas of Herkimer *reversed* the justice's judgment; whereupon the plaintiff sued out a writ of error.

*E. S. Capron,* for the plaintiff in error.

*A. Loomis,* for the defendant in error.

*By the Court,* NELSON. J.   In the enactments of the revised statutes relative to justices' courts it is provided, that at the time of the *first, appearance* of the parties before the justice, either upon the return of process or their voluntary appearance to join issue, *the pleadings of the parties shall be made and the issue joined;* and where both parties have appeared, an issue shall be joined before any adjournment shall be had, except in the case of a warrant. 2 R. S. 233, § 47.   Though this section may not be deemed imperative to the extent of *excluding* the indulgence granted to the defendant in the cases decided under the old law, 15 Johns. R. 86; 16 id. 180, 19 id. 390, 20 id. 309, 8 Cowen, 87, 1 Wendell, 147, yet such would seem to be the fair import of it; and I am inclined to think, that as it will bear this construction, it will be for the convenience of parties, and in futherance of justice, to follow it.   Most of the cases above referred to are departures from the decision in *Snell* v. *Loucks,* 11 Johns. R. 69, which was made under the old law, and contains the true exposition of the statute, in connection with general rules and practice in the conduct of judicial proceedings.   That case decided, that where the summons was personally served upon the defendant, and he did not appear on the return day and plead before the adjournment, it was afterwards too late; and he could only give evidence in mitigation of damages.   The case of *Sweet* v. *Coon,* 15 Johns. R. 86, decided that the defendant may plead if he appears and offers to make his defence before the court have entered upon trial of the merits.   The defendant in that case appeared on the return of the summons, while the justice was making an entry of the plaintiff's declaration: confining the decision to the facts of that case, it is unexceptionable.   In *Atwood* v. *Austin,* 16 Johns. R. 180, it was held, that if the defendant appeared at the close of the plaintiff's evidence on the trial, he should be allowed to go into his defence.   Issue had been joined at a previous day, and I see no objection to that case.   Then came *Bowen* v. *Bell,* 19 Johns. R. 390, which decides that a dedefendant is in season who appears at the day to which a cause is adjourned for the accomodation of the plaintiff or justice, and offers to plead and go into his defence, although

he was personally served with the summons and neglected to appear at its return. This case is directly opposed to *Snell* v. *Loucks*, and with great deference, in my opinion, is unjust towards the plaintiff. The defendant not appearing on the return of the summons, the plaintiff at the adjourned day was not bound to anticipate and prepare for a contested trial; and to permit the defendant to have the benefit of a trial under such circumstances, is allowing him to take advantage of his own negligence to the prejudice of another. The case of *Lowther* v. *Crummie*, 8 Cowen, 87, apparently followed *Bowen* v. *Bell*, with the qualification that the defendant was required to pay the costs of the adjournment and all subsequent proceedings. This mitigated considerably the hardship of the case as it respected the plaintiff, but did not remedy the whole evil; to do which the defendant should have been required to assent to a further adjournment, as the first adjournment had exhausted the plaintiff's privilege in that respect. *Lowther* v. *Crummie* was a hard case, as the defendant appeared on the day of the return of the summons, before the plaintiff had gone away, and offered to plead, which was denied him. Had the judgment been reversed for such refusal, I would have been better satisfied with the decision.

To allow a defendant to come in on the adjourned day, and plead and go into his defence, even with the qualification in *Lowther* v. *Crummie*, and with the addition suggested above, would tend to encourage negligence on the part of the defendant, and to promote delay and embarrassment as to the plaintiff. The revised statutes, 2 R. S. 233, § 46, require that the justice shall wait for the parties one hour after the time specified in the summons for the return, unless they sooner appear. By § 119, p. 246, judgment of nonsuit may be rendered against the plaintiff if he fail to appear within one hour after the summons is returnable, or after the time to which an adjournment shall have been made. The provisions of the statute are very specific in fixing the limit of indulgence as to time in regard to either party; but rather extend it beyond the former practice.

NEW-YORK,
May, 1834.

Pickert
v.
Dexter.

From a careful consideration of a law regulating justices' courts, and especially of the provisions above referred to, I am disposed to construe the 47th section so as to exact the attendance of the parties within the time limited by the 46th and 119th sections, or that they abide the consequences of a default, unless the time be extended for good reasons at the discretion of the justice, which, I think, he may exercise, notwithstanding the precision of these sections. The statute establishes the general rule, not to be departed from, except to promote the ends of justice. We can well suppose circumstances which would justify the justice in refusing to call the parties exactly at the expiration of the hour; his own business sometimes may not permit him to do so ; he may have good reason to believe that the absent party will soon appear, &c. A reasonable discretion must necessarily, in these and like cases be extended to the magistrate. I would approve of the qualification to the general rule contained in *Sweet* v. *Coon,* and allow the defendant to plead, if he appeared on the return of the summons before the cause is adjourned, or even after, if the plaintiff was still present, or before the plaintiff had closed his case, if he went to a hearing on the return day. The latter indulgence I would grant, because, if the plaintiff came prepared for a hearing on the return day, he must have prepared under the expectation that the defendant would appear, and therefore there could be no great inconvenience in permitting the defence. The case of *Atwood* v. *Austin,* I think unexceptionable, and am of opinion it should be observed in proceedings under the revised statutes. But the cases of *Bowen* v. *Bell,* and *Lowther* v. *Crummie,* it seems to me, cannot be sustained under the present law, and contain nothing desirable to retain as general rules in the practice of justices' courts.

The case under consideration, so far as this point is concerned, falls under one of the qualifications above specified, in which a defendant should be admitted to plead, and the defendant therefore should have been allowed to put in his plea and go into his defence.

Upon the facts detailed in the return of the justice, however, a doubt may well have been raised in the minds of the judges of the court of common pleas whether the demand of

the plaintiff had been satisfactorily established. On the 26th November, 1830, there was a settlement between the parties, and a balance found due to the defendant of $6,72. There is but one witness who pretends to swear that the cloth, for the price of which the action was brought, was delivered since the settlement, and she testifies only to the *best of her recollection*. The book of accounts of the plaintiff, I think, was properly admitted in evidence, 12 Johns. R. 461 ; but instead of strengthening, it rather weakens the above equivocal testimony. The cloth is charged under date of the 17th November, if under any date. We cannot say the common pleas erred upon this question of fact, and if we could, it would afford no ground for reversing the judgment. 10 Wendell, 411. id. 422.