## JOHNSON *vs.* MOSS.

An affidavit to obtain an attachment against a party *for having departed the county with intent to defraud his creditors*, is good although the applicant swears only to his *belief* as to the *intent*, provided he sets forth the facts and circumstances upon which such belief is founded.

Where the proceeding is under the provisions of the Revised Statutes, it is no objection that there are more than *four days* between the teste and return of the process.

A return of a constable, that by virtue of an attachment against A. B. he had levied on certain property, will be intended to be a return that he had levied upon the property of the defendant.

On a common law certiorari, if the justice had jurisdiction, his judgment will not be reversed, though it be rendered on an insufficient declaration or defective proof; nor will such judgment be reversed, although it be for an amount nearly double the sum alleged by the plaintiff to be due to him on obtaining the attachment.

COMMON law certiorari to a justice's court, returnable in this court. Moss, on the 16th May, 1836, sued out an *attachment* against the goods and chattels of Johnson. He made affidavit that Johnson was indebted to him in the sum of $27, over and above all discounts ; that he *believed* Johnson had departed the county with intent to defraud his creditors, and then stated the facts and circumstances on which he grounded his belief, viz. that Johnson was a man of but little property and owed a good many debts ; that he departed the county of Otsego in a clandestine manner in *March* last, taking with him a span of horses, wagon and harness, and most of his property liable to execution ; that his family said he had gone to Albany, but the applicant for the attachment had been informed by one of his neighbors that he was in Tioga county : all of which he believed to be true. The justice issued an attachment, dated 16th May, returnable 23d

May. The constable made return that he had levied upon *one fall, &c. of a table,* and had left a certified copy of the attachment and an inventory at the dwelling house of the defendant with his family, he not being found in the county ; the attachment was not served personally. On the return day the plaintiff appeared, but the defendant did not appear ; the plaintiff declared for goods, wares and merchandize, &c. &c., and called a witness who gave evidence of the plaintiff's demands. The justice rendered a judgment for $45.83, besides costs. The case was submitted on written arguments. The plaintiff in error insisted, 1. That the affidavit was insufficient ; 2. That the attachment was erroneous in having *six days* between its teste and return, whereas the process should have been a summons returnable not more than four days from its date, *Statutes, sess. of* 1831, *p.* 403, § 33 ; 3. That the *return* of the constable was insufficient, inasmuch as it did not show that any property was levied upon, or that what was levied upon was the property of the *defendant;* 4. That the declaration was insufficient ; and 5. That the judgment was manifestly unjust, it being for $45.83, when the indebtedness was alleged to be only $27.

*H. Bennett,* for the plaintiff in error.

*Morehouse & Lathrop,* for defendant in error.

*By the Court,* BRONSON, J. This attachment issued under the provision, 2 *R. S.* 230, § 26, 28, as amended by *Laws of* 1831, *p.* 404, § 35, on the ground that the defendant had *departed from the county* where he last resided, with intent to defraud his creditors. In stating the *intent* with which the defendant departed, the applicant as must generally be the case, only swears to his *belief;* but the facts and circumstances on which the application was founded, are directly and positively alleged. The case does not fall within those of 10 *Wendell,* 420, and 14 *id.* 237.

The attachment did not issue against the defendant as a *non-resident, Laws of* 1831, *p.* 403, § 33, but on the ground that the

Johnson *v.* Moss.

defendant had *departed from the county with intent,* &c. 2 *R. S.* 230, § 26, and in such cases there must not be less than six nor more than twelve days between the teste and return of the process. *Id.* § 30. There is, therefore, nothing in the objection that there were more than four days between the teste and return of the process.

The justice states that the constable returned that he had attached *a table;* the return itself seems to have been that the constable had levied upon *one fall, &c. of a table.* Whichever may be correct, it is impossible to maintain the objection that *no property* was levied on. Again, it is said that it does not appear that the levy was on the *defendant's* property. The attachment required the officer to take the *defendant's* property, and the constable returns that *by virtue of the attachment* he has levied on a table, &c. The fair and reasonable intendment is, that the property taken belonged to the defendant. The return was, I think, sufficient.

Should it be admitted that the declaration was defective, we could not interfere. This is a common law certiorari, and we cannot look beyond those questions which go to the jurisdiction of the justice. *Birdsall* v. *Phillips,* 17 *Wendell,* 464. On the return of the attachment, the previous proceedings having all been regular, the justice acquired jurisdiction to hear and render judgment. If he did so upon an insufficient declaration, or on defective proof, the error cannot be reached in this form. But the declaration is well enough.

In the affidavit on which the attachment issued, the plaintiff stated his claim at $27, and judgment was rendered in his favor for $45.83, besides costs. It is not improbable that injustice has been done the defendant, but a common law certiorari will not help him.

Judgment affirmed.