### SAMMIS vs. BRICE.

Though a justice has a right to permit a defendant who has omitted to appear at the return day of the summons, to plead on a day to which the cause has been adjourned, upon a proper excuse for the default being shown; still, it being a matter of discretion, error will not lie where the application has been refused, though the common pleas should be of opinion that the application ought to have been granted.

ERROR to the Monroe common pleas, to review a judgment of that court reversing a judgment which Sammis, as plaintiff, had recovered against Brice before a justice of the peace. The only material error relied on was, that the justice had refused the defendant leave to plead on the adjourned day. The summons was returnable, and was returned served on the 30th day of August, 1844, on which day the plaintiff only appeared; and he asked for and obtained an adjournment to the 3d of September, then next. On that day both parties appeared and the defendant made an affidavit that he understood the return day to be the 31st instead of the 30th of August, and that this was the reason he did not appear. The constable made an affidavit in opposition, showing that the summons was properly served. The defendant offered to pay the costs of the adjournment, and either go to trial then, or consent to such further adjournment as the plaintiff might wish; but his application was denied. The plaintiff gave his evidence and obtained judgment, which the common pleas reversed on *certiorari*.

*J. A. Eastman*, for the plaintiff in error.

*E. Ide*, for the defendant in error.

*By the Court*, JEWETT, J. I am unable to discover any thing in the affidavit of the defendant, or in that of the constable, or in the facts and circumstances of the case, tending in the least to throw suspicion on the good faith of the application of the defendant on the adjourned day, to be permitted to plead

or which causes a doubt that his failure to appear on the return of the process was in fact the consequence of mistaking its return day.

If this was established, the cause of justice required that the magistrate, in the exercise of a sound judicial discretion, should have permitted the defendant, on the terms óffered, to plead to the action. But although we think that the application ought to have been granted, still, it being merely a matter of discretion, the court of common pleas was not authorized to reverse the judgment for that cause. (*Pickert* v. *Dexter*, 12 *Wend.* 150; *Jenkins* v. *Brown*, 21 *id.* 454.) The judgment of the common pleas must be reversed and that of the justice affirmed.

Judgment reversed