Fulton *v.* Heaton.

St. Lawrence General Term, October, 1847.   *Cady, Paige, Willard and Hand,* Justices.

Fulton *vs.* Heaton.

Where a creditor applied to a justice of the peace for an attachment against his debtor, and made an affidavit, which stated, that the debtor was indebted to him in the sum of $16, arising on contract, over and above all discounts; that the debtor had told him that he was going to leave the county, and go to Canada, and, as the creditor believed, with an intent to defraud his creditors, and that he was about to take with him all his property; *Held,* that the affidavit was sufficient to authorize the issuing of an attachment.

An affidavit is sufficient to authorize an attachment, although the creditor merely swears to his belief as to the intent of the debtor to defraud his creditors, if he states positively the facts and circumstances on which such belief is founded.

Although an attachment is founded on a defective affidavit, if it is regular and legal on its face, and apparently within the jurisdiction of the justice, it will be a complete justification to the officer who executes it.

If the objection, that a joint plea of justification, in which an officer and a co-defendant united in a justice's court, failed as to the officer, in consequence of its having failed as a defence as to the co-defendant, was not taken before the justice, it cannot be taken on certiorari.

Justices' courts possess the same powers, as to amendments, as courts of record.

Justices are required to allow amendments, especially in all cases where the rights and interests of the adverse party will not thereby be put in jeopardy.

Error to the St. Lawrence common pleas. Heaton declared before the justice, against Fulton and one Whitney, in trespass, for taking and carrying away certain clothing, &c. The de-

fendants pleaded the general issue, and a justification under an attachment, issued by Cummings, a justice of the peace, against Heaton, in favor of Fulton. Heaton proved that in September, 1845, Fulton and Whitney took a coat, &c. of Heaton. Whitney told Heaton he had an attachment against him. Cummings, the justice, produced his docket and papers to be read in evidence, and produced an affidavit of Fulton, entitled St. Lawrence county, which stated, " that Heaton, of Lisbon, in said county, was indebted to him in the sum of sixteen dollars, arising on contract, over and above all discounts; that he had often demanded the pay of Heaton, and he had refused to pay said demand, and Heaton told him, and one Northrup, that he was going to leave the county and go to Canada, and that he, Fulton, believed, with an intent to defraud his creditors, and was about to take with him all the property and effects he had." This affidavit was objected to by Heaton, as insufficient to justify the issuing of an attachment; and the justice sustained the objection, and rejected the attachment and proceedings founded thereon, as evidence, on account of the insufficiency of the affidavit, notwithstanding Fulton and Whitney offered to read them in evidence, with the docket of the justice, as a full justification of the trespass. The justice rendered a judgment against both Fulton and Whitney. The common pleas, on certiorari, affirmed the judgment of the justice, as to Fulton, but reversed it, as to Whitney.

*T. V. Russell*, for the plaintiff in error.

*Geo. C. Conant*, for the defendant in error.

*By the Court*, PAIGE, J. It is contended on the part of the defendant in error, that the defence offered by the defendants before the justice, under the attachment issued by Cummings, was properly excluded, upon the ground of the insufficiency of the affidavit on which the attachment was issued. This attachment was issued, under the provisions of the revised statutes. (2 *R. S.* 230, §§ 26, 28, *as amended by the law of*

Fulton *v.* Heaton.

1831, *p.* 404. *Id.* §§ 34, 35, *amended by act of* 1842, *ch.* 107, *p.* 74.) Section 26 of 2 *R. S.* 230, authorizes an attachment to be issued, where it shall satisfactorily appear to the justice, that the debtor has departed, or is about to depart, from the county where he last resided, with intent to defraud his creditors, &c. And section 34 of the act of 1831, authorizes an attachment, for the recovery of any debt or damage arising upon contract, &c. where the defendant is about to remove from the county any of his property, with intent to defraud his creditors, &c. ; whether the defendant be a resident of the state or not. And section 35 of the act of 1831, provides, that the plaintiff must, by his own affidavit, or that of some other person, prove, to the satisfaction of the justice, the facts and circumstances to entitle him to the attachment ; and that he has such a claim as is specified in section 34 of the same act, against the defendant, over and above all discounts which the defendant may have against him, specifying as nearly as may be, the amount of the claim, &c.

In this case, the affidavit stated, that the debt arose on contract, and specified the amount due over and above all discounts. It then stated that the plaintiff had often demanded payment of the debt, of Heaton the debtor, and that Heaton refused to pay the same ; that Heaton, who is described as of Lisbon in said county, (St. Lawrence,) had told him and one Northrup, that he was going to leave the county and go to Canada, and, as the plaintiff believed, with intent to defraud his creditors, and was about to take with him all the property he had. This affidavit states substantially the fact required in section 26, (2 *R. S.* 230,) viz. that Heaton was about to depart from the county where he last resided. This fact, Fulton states positively, on the declaration of Heaton the debtor ; and then Fulton adds, on his belief, that Heaton was about to leave the county, with intent to defraud his creditors. This affidavit, in my judgment, is sufficient. It states positively all the facts and circumstances necessary to be stated to entitle Fulton to an attachment, except as to the debtor's intent to defraud his creditors ; and Fulton swears to such intent on his belief ; and he

sets forth positively the facts and circumstances upon which his belief is founded.

An affidavit is good, although the applicant swears only to his belief, as to the intent to defraud ; provided he sets forth on his positive oath, the facts and circumstances on which such belief is founded. (*Johnson* v. *Moss*, 20 *Wend.* 145. *Smith* v. *Weed*, *Id.* 184. *Smith* v. *Luce*, 14 *Id.* 237.)

If the affidavit was sufficient, the justice committed an error in rejecting evidence of the attachment in justification of the trespass complained of ; and the judgment of the justice should have been reversed by the common pleas, as to both defendants. But if the affidavit was defective, the attachment, if regular and legal on its face, (and there is nothing in the case to show it was not,) should nevertheless have been received in evidence, as a justification of the defendant Whitney, the officer who executed it. It is now a well established principle, that a process regular on its face, and apparently within the jurisdiction of the court or officer who issued it, is a complete justification to the officer who executed it. And such officer is protected, although the court or officer had no jurisdiction in fact, if the defect does not appear on the face of the process. (2 *Denio*, 86. 5 *Wend.* 170. 5 *Hill*, 440. 24 *Wend.* 485. 16 *Id.* 514, 562.) And this principle applies to process issuing from a court or officer of limited jurisdiction, as well as to process issuing from a court of general jurisdiction. (5 *Wend.* 170.) And if the justification failed as to Fulton, I think the justification did not (as is contended by the counsel of the defendant in error,) fail as to Whitney, in consequence of his uniting with Fulton, in a joint plea of justification.

This objection to the attachment being a justification to Whitney, was not taken before the justice. Not being taken there, it was waived, and could not be taken on the certiorari, in the common pleas, and cannot now be taken here. If the objection had been taken before the justice, the justice might have allowed Whitney to amend, by putting in a separate justification. This the justice had the power to do. Justices' courts possess the same powers, as respects amendments, as

courts of record. (10 *Wend.* 214, 215. 2 *R. S.* 225, § 1. *Id.* 519, § 1. *Id.* 521, § 10, 3*d ed.*) Justices are required to allow amendments liberally, in all cases, where the rights and interests of the adverse parties, will not, thereby, be put in jeopardy. (12 *Wend.* 150. 15 *Id.* 557.)

Misjoinder of causes of action, in a declaration, in a justice's court, if not objected to before the justice, cannot be taken advantage of, on certiorari. (12 *John.* 347. 3 *Hill*, 609. 1 *Id.* 62.) Previous to the case of *Lovett* v. *Pell*, in the court of errors, (22 *Wend.* 369,) a misjoinder of counts in a court of record, was fatal on a writ of error, as well as on demurrer. (16 *John.* 146. 1 *Chit. Pl.* 205. 19 *Wend.* 546.) The case of *Lovett* v. *Pell*, Chief Justice Bronson says, in *Whitney* v. *Crim*, (1 *Hill*, 62,) he is unwilling to follow as a precedent.

The decision in *Lovett* v. *Pell*, was founded on the opinion of Senator Verplanck, and in opposition to the opinion of Chancellor Walworth. Senator Verplanck held, in *Lovett* v. *Pell*, that a misjoinder of counts was cured, after verdict, by the provisions of the revised statutes in relation to the amendment of pleadings and proceedings. (2 *R. S.* 520, § 7, *sub.* 5, 3*d ed.*) He held that the term mispleading, which is cured after verdict, used in the revised statutes, included within its sense, a misjoinder of counts.

If a misjoinder of counts in a justice's court, cannot be taken advantage of on certiorari, on the ground that it is a mere formal and technical question of pleading, or that it is mere mispleading, then the objection (which involves a question of altogether a like character,) to the defence of an officer under a joint justification, where it failed as to his co-defendant, not having been taken before the justice, cannot be taken on certiorari, or on error ; or it may, like a case of misjoinder of counts, under the authority of Lovett and Pell, be regarded as a *mispleading*, and therefore cured, by the provisions of the revised statutes in relation to amendments. Much greater latitude is allowed in pleadings before justices, than in courts of record, especially in cases where the objection is not taken at the proper time. (1 *Hill*, 62.) In any view of the question, therefore,

the objection, that the defence of the defendant Whitney failed because the defence of his co-defendant failed, could not be taken in the common pleas. And the decision of that court was, therefore, correct, in reversing the justice's judgment, as to him.

If then the judgment of the justice was properly reversed by the common pleas, as to the defendant Whitney, it necessarily follows, as the judgment was entire, as to both defendants, that it should have been reversed in toto. Where a judgment is entire against several defendants, whether rendered in an action for tort or on contract, it cannot be reversed as to one defendant, and affirmed as to another. (*Sheldon* v. *Quinlen*, 5 *Hill*, 441. *Cruikshanks* v. *Gardner*, 2 *Hill*, 333. 12 *John.* 434. 14 *Id.* 417.)

As the judgment of the justice was properly reversed by the common pleas, as to the defendant Whitney, it should have been reversed as to Fulton also. The original judgment of the justice, and the judgment of affirmance of the common pleas, must, therefore, both be reversed.

---

STEUBEN SPECIAL TERM, October, 1847.    *Welles*, Justice.