KETTLE *vs.* LIPE and others.

In an action by a sheriff, upon a bond given to him by his deputy, for the faithful performance of his official duties, and to indemnify the obligee against the misconduct and defaults of the deputy, judgments recovered against the sheriff for omissions of duty by the deputy, are admissible as evidence, to prove not only the liability of the defendants, but also the amount of that liability; where it appears that the deputy had notice of the suits against the sheriff, and an opportunity to defend them.

DEMURRER to the defendants' 6th plea. The declaration was in debt on a bond given to the plaintiff by the defendants and one John F. Lipe, deceased, for the faithful performance by Lipe of the duties of deputy to the said plaintiff, who was then sheriff. The bond was given on the 1st day of January, 1835, and the plaintiff alledged that several executions were put into the hands of Lipe during the years 1836 and 1837, which he neglected to execute, and that the plaintiff was sued therefor on the 24th day of February, 1847, before a justice of the peace, of which suit the defendants had notice, and were requested to assume the defense thereof, and notified that if they did not it would be at their peril and responsibility. That five judgments were recovered against the plaintiff which he had paid. The 6th plea was in substance that the defaults accrued and hap-

pened more than three years before plaintiff was sued, of which he had notice.   The plaintiff demurred specially.

*H. Adams*, for the plaintiff.

*P. Potter*, for the defendants.

*By the Court*, HAND, J.   The plea admits the default of the deputy sheriff Lipe, but relies upon the statute, which is, that "all actions against sheriffs and coroners upon any liability incurred by them by the doing of any act in their official capacity, or by the omission of their official duty, except for escapes, shall be brought within three years after the cause of action shall have accrued, and not after that period." (2 *R. S.* 296, § 22.) The declaration alledges that the deputy did not save the plaintiff harmless, and did not make a faithful application of all moneys which came to his hands, but that on the contrary he omitted to levy and collect the executions therein specified. The suits against the plaintiff were for omissions of duty in executing the writs, and not for money had and received, as in *Elliot* v. *Cronk's Adm'rs*, (13 *Wend*. 35 ;) and such a cause of action, it seems admitted, can not be revivéd by acknowledgment. (*Id*. 40.) In *The People* v. *Everest*, this court compelled a sheriff to return a fi. fa. six or seven years after his deputy had made default in not returning it ; but did not decide whether he would be liable for a false return made at that late period. (4 *Hill*, 71.) It does not appear from the declaration or plea, whether the plaintiff pleaded the statute, or indeed, whether he defended the suits at all.   *Prima facie*, the statute was a bar, and this case must turn upon the question whether the judgments obtained against the plaintiff are evidence against the defendants.   They had notice of the pendency of the suits, and if these judgments are conclusive, or even *prima facie*, evidence as against these defendants of the liability of the plaintiff for the defaults of Lipe, and not *inter alios acta*, the demurrer must be sustained.

How far a judgment against the obligee, for a default of the

principal, is evidence in a suit on a bond with sureties given to indemnify against the misconduct and defaults in duty of the principal obligor, in some fiduciary or official station, has been a matter of some difficulty.   Where a party undertakes for a collateral act, or is surety for a third person, and not for his own debt, if he is to perform on request, that must·be averred and proved.   (*Nelson* v. *Butrick,* 5 *Hill,* 39.·   *Burge on Suretiship,* 3, 23.)   And if the contract is one of indemnity and the amount of the claim against the party indemnified is to be ascertained by an action against him, unless he give notice to the sureties, &c. no doubt the matter, in most cases, is open for examination when they are called upon to make indemnification.   In this case, the suit against the plaintiff, for the delinquencies of the deputy, and notice of those suits to the defendants, and a request that they would defend, are admitted on the record ; and I am inclined to the opinion, that these judgments, under the circumstances disclosed by the pleadings, were not only admissible, as evidence to prove the liability of the defendants, but also the amount of that liability.   The cases of actions upon a limit bond are familiar to the profession.   In *Kipp* v. *Bingham,* (6 *John.* 158, 7 *Id.* 168,) it was held that a suit against the sheriff, and notice thereof, followed by judgment, was conclusive evidence against the prisoner and his bail.   And see *Duffield* v. *Scott,* (3 *T. R.* 374,) and *Blasdale* v. *Babcock,* (1 *John.* 517.)   Indeed, as to `limit bonds, the rule is now established by statute.   (2 *R. S.* 435, § 49.)   The principle advanced to sustain these decisions is, that where one has expressly or impliedly (as on a warranty of title to personal property) agreed to indemnify and save harmless another, and has notice of the suit in which the recovery is had, he is bound by the result of that suit.   Whether he may show collusion, fraud, or neglect in the management of the defense, is not material here ; as these are not alledged, and for all that appears, the plaintiff made a vigorous defense.   Some of the cases intimate that the judgment is not evidence at all.   But I think it is now pretty well settled that if the party indemnifying, warranting, guaranteeing, &c. has notice of the suit and a chance to defend, this makes

him privy to the suit, and the judgment is evidence against him. (*Cowen & Hill's Notes*, 982, 3, 4, 821, 2, 817. 1 *Phil. Ev.* 332. *Douglass* v. *Howland*, 24 *Wend.* 57. *Aberdeen* v. *Blackmar*, 6 *Hill*, 324. *Riley* v. *Seymour*, 1 *Wend.* 143. *People* v. *Irving*, *Id.* 20. And see *Rockfeller* v. *Donnelly*, 8 *Cowen*, 623; *Lee* v. *Clark*, 1 *Hill*, 56; *Mann* v. *Eckford's Executors*, 15 *Wend.* 502; *Trustees of Newburgh* v. *Galatian*, 4 *Cowen*, 340; *Duffield* v. *Scott*, 3 *T. R.* 374; *Sparks* v. *Martindale*, 8 *East*, 593.) How far he must defend is another question. (7 *Bing.* 246. *M. & M.* 406.) I think the demurrer well taken, and there must be judgment for the plaintiff, with leave to the defendants to amend upon the usual terms.

Judgment for the plaintiff.

---

SAME TERM.    *Before the same Justices.*