### ALBURTIS *v.* McCREADY and another.

Where, in the Marine Court, soon after judgment was given, and the plaintiff and his witnesses had left the court, the defendant appeared and applied for permission to produce testimony in support of his defence; *held*, that the justice had no right to grant the application.

When a defendant, in the Marine Court, has appeared and answered the complaint, his neglect to attend on the day appointed for the trial is not a waiver of the answer nor a confession of the cause of action. The plaintiff must still prove every fact essential to a recovery.

The judgment must be warranted by the proofs, and if not it will be set aside, with costs, which follow, of necessity, by statute.

THE defendants in this cause, on the return of a summons issued against them from the Marine Court, attended and answered the complaint. An adjournment was taken, and on the adjourned day the plaintiff produced his testimony and took judgment. After he and his witnesses had left the court, the defendants appeared and asked that the case might be opened and the evidence in support of his defence received.

Alburtis *v.* McCready.

This was refused by the justice. · An appeal was taken to this court.

The plaintiff claimed, on the argument, that the defendants' default in not appearing at the trial, operated as a confession of the cause of action.

By the Court. Woodruff, J.—The justice was right in refusing to set aside the judgment and allow the defendants to defend, &c. Such an order would have been the granting of a new trial, which the Marine Court has no power to grant. (*a*) Had the application been made before the plaintiff and his witnesses left court, it would have been proper to allow the defendant to give proofs, but after judgment was pronounced and the plaintiff had left, it was too late. (*Pickert* v. *Dexter*, 12 Wend. 153, and cases cited.) The provisions of the Code referred to by the counsel for the appellant, which he supposes authorized the court to grant the relief he sought, do not apply to the Marine Court.

But the judgment must be reversed, because there was no sufficient evidence to support it.

Although the defendants did not appear at the trial, their non-appearance did not dispense with proof on the part of the plaintiff, of every fact essential to a recovery. They had answered, and there were issues to be tried; the non-appearance of the defendants was no waiver of the answer, nor confession of the cause of action.

We would sustain a judgment in such case upon very slight evidence, but here we think the judgment wholly unwarranted.

The judgment must be reversed. Had we any discretion on the subject, we should not give costs, but the statute has placed that question beyond our control.

Judgment reversed.

(*a*) By an act since passed, (Laws of 1853, p. 1,166, § 5,) a justice of the Marine Court may open defaults, and a general term of that court has been authorized, to which an appeal may be brought from a judgment directed by a single justice.