IN THE

# SUPREME COURT

OF THE

18b 9
35ap 64

# STATE OF NEW-YORK.

————— ❖ ❖ ❖ —————

## THOMAS *vs.* HUBBELL and others.

In an action brought by a sheriff, upon a bond given to him by his deputy, with sureties, for the faithful performance of his official duties, and to indemnify the obligee against the default and misconduct of his deputy, a judgment recovered against the sheriff for omissions of duty by the deputy, is admissible in evidence against the deputy and his sureties, when it is shown that they had notice of the suit against the sheriff, and an opportunity to defend the same.

Notice to the deputy, of the suit brought against the sheriff, is a sufficient notice to his sureties also.

In such action upon the bond, the judgment in the suit against the sheriff is *conclusive* upon the rights of the parties; and it is not competent for the defendants to show that the judgment did not pass upon the *merits* in that case, but upon a defect in the pleadings, or an error of the judge, upon the trial.

In an action by a sheriff, against his deputy, upon his bond, to recover the amount of a judgment rendered against the sheriff in consequence of omissions of duty by the deputy, the defendants cannot set up, as a defense, that the acts complained of were done by the leave and license of the sheriff.

Vol. XVIII.                    2

THIS was an action brought by Thomas, the late sheriff of Delaware county, against Hubbell, his deputy, and Wheeler and Palmer, the sureties of the latter, upon Hubbell's official bond to the sheriff. Messrs. Conover and Labagh, by their attorney, placed in the hands of Hubbell, as deputy of the plaintiff, an execution issuing out of the supreme court against one of their judgment debtors. This execution was served by Hubbell upon personal property in the possession of the defendant in the execution, and, as Conover and Labagh claimed, Hubbell suffered the property to be used up or squandered by the debtor. They then sued Thomas for the default of his deputy, and recovered a judgment against him. When Thomas was sued, he notified Hubbell of the commencement of the suit against him, and requested him to come and advise as to the defense, or to take the charge of the defense if he desired. No notice of that suit was given to Wheeler and Palmer, the sureties of Hubbell. Upon the trial of the present action, the defendants Wheeler and Palmer offered to show that in the suit of Conover and Labagh against Thomas, the judgment was not given upon the real merits of the action, but was either decided upon an erroneous ruling of the judge, or else that the merits of the defense were excluded because of a defect in the answer, in setting up the defense by Thomas. There was no pretense that there was any intentional omission by Thomas in making his defense in that action.

MASON, J. If the judgment in the suit of *Conover and Labagh* v. *Thomas* is properly regarded as evidence against all the defendants in this action, then I think it follows that the defendants' offers to show that the judgment was not rendered upon the merits, but was decided upon an erroneous ruling of the judge, or that the merits were excluded because of a defect in the pleadings, was properly rejected at the circuit. The rule seems to be settled in the case of *Green* v. *Clark and others*, (5 *Denio*, 497,) that it is not competent to prove that a verdict which, by the record of the judgment, purports to have been rendered on the trial of the issue, was not given in

Thomas v. Hubbell.

fact upon the merits, but was actually given in consequence of an erroneous ruling of the judge; and to the same effect is the case of *Morgan* v. *Plumb*, (9 *Wend.* 287.) It becomes important, therefore, to ascertain whether this judgment in the suit against the plaintiff is evidence against the defendants Wheeler and Palmer in this suit. The defendants were neither of them parties to that suit, and it is a general if not a universal principle of the common law, that a suit between two persons shall not bind or affect a third person who could not be admitted to make a defense or appeal from the judgment. (*Phil. Ev.* 222. *Case* v. *Reeve*, 14 *John.* 79.) The judgment, however, is held to bind privies in blood, in estate, and in law. (14 *John.* 81.) The question who shall be deemed privies in law, so as to be bound by the judgment, is a question which has exhausted the learning of the courts of Westminster hall, and which has received very great discussion in the courts of this country. I will content myself by referring to a few cases in our own courts bearing upon this subject. It was held in the case of *Douglass* v. *Howland*, (24 *Wend.* 35,) that a decree in chancery against the principal on a bill filed to compel an account, is not evidence against the guarantor, unless he had notice of the suit, and an opportunity to defend in the name of the principal. The same doctrine was again affirmed in the case of *Jackson* v. *Griswold*, (4 *Hill*, 522.) In the case of *Blasdale* v. *Babcock*, (1 *John.* 518,) it was decided, where A. sold a horse to B., and C. afterwards brought an action against B. to recover the property, claiming the title to be in him, and B. gave notice of the suit to A., that the judgment in the suit of C. against B. was evidence in a suit brought by B. against A. to recover on an implied warranty of title, and that the record was evidence to show a failure of title. In the case of *Kip* v. *Brigham*, (6 *John.* 158,) where a sheriff, who had taken a bond with sureties for the liberties of the jail granted to a prisoner in execution, was sued for an escape, and judgment recovered against him, and he gave notice to the sureties of the suit, which was regularly defended, in a suit afterwards brought by the sheriff upon the bond for his indemnity, it was held that

the recovery in the former suit was conclusive evidence in the suit on the bond, and that the defendants could not controvert the fact of escape in the latter suit. · To the same effect is the case of *Kip* v. *Brigham*, (6 *John.* 158.) It was held in the case of *Clarke's Ex'rs* v. *Carrington*, (7 *Cranch*, 308,) that in a case of indemnity, a judgment against the person to be indemnified, if fairly obtained, on notice of the suit given to the guarantor, is admissible evidence in the suit against him on his contract of indemnity. It was decided in the case of *Kettle* v. *Lipe and others*, (6 *Barb.* 467,) which was an action brought by a sheriff upon a bond given to him by his deputy, for the faithful performance of his official duties, and to indemnify the obligee against the default and misconduct of the deputy, that a judgment recovered against the sheriff for omissions of duty by the deputy, is admissible in evidence, both against the deputy and his sureties upon his bond, to prove not only the liability but also the amount of such liability, when it is shown that the deputy and his sureties had notice of the suit against the sheriff, and an opportunity to defend the same. The rule, I think, may be regarded as settled in this court, that when one has expressly or impliedly agreed to indemnify and save harmless another, and has notice of the suit in which the recovery is had, he is bound by the result of that suit, and the record concludes him, upon the principle that he is regarded as a privy to the suit. (6 *Barb. R.* 469 *and* 470, *and cases there cited.*) But I apprehend that upon no principle can the party indemnifying be held liable, where he has not had notice of the suit and an opportunity to defend given him. (24 *Wend.* 35. 4 *Hill's R.* 522. 24 *Wend.* 55 *to* 58. 1 *Id.* 51.) The case of *Duffield* v. *Scott*, (3 *T. R.* 374,) in which a notice was held not to be necessary, does not conflict with the general rule above laid down, as to notice. That case turned upon the form of the bond, and does not conflict with the other cases ; and the same may be said of the case of *Lee* v. *Clark*, (1 *Hill*, 56.) It becomes important, therefore, to inquire as to the notice given by Thomas to the defendants of the suit prosecuted against him. There is no doubt but the notice served by Abraham Thomas

Thomas *v.* Hubbell.

upon the defendant Hubbell was quite sufficient as to him. It informed him of the suit, and requested him to come to Delhi and advise as to the defense, and to furnish such information as to the same as was necessary for conducting it; and at the same time informed him, that if he wished he could take upon himself the defense. And Edgerton, one of the attorneys, swears that he wrote to Hubbell twice, informing him that Thomas had been sued in this matter, and requesting him to come up and advise, so that the defendant could put in a proper answer to the suit, &c. It does not appear that any notice was given to the defendants Wheeler and Palmer; on the contrary, it seems to be conceded that none was given. I am inclined to think, however, that the notice to Hubbell must be regarded as sufficient notice to all the defendants. The case of *Bartlett* v. *Campbell*, (1 *Wend.* 50,) seems to be decisive of this matter. It was held in that case, that in a suit upon a joint and several promise of indemnity by two, a notice to one, of the former suit, must be deemed a notice to both. I am of opinion, therefore, for the reasons above stated, that the judgment in the suit of *Conover and Labagh* v. *Thomas* is evidence between the parties to this suit, and that it is conclusive upon the rights of these parties; and that it is not competent to the defendants to show that the judgment did not pass upon the merits in that case, but upon a defect in the pleadings, or an error of the judge upon the trial. The objection taken by the defendants' counsel, that they are not liable in this action because of the letter of September 18th, 1848, written by Thomas to Hubbell, which the defendants claim is a kind of license from the plaintiff, I suppose to allow the property levied on to be squandered, cannot affect this case. There are two answers to this objection. The first is, the notice itself did not contemplate any releasing of the property by him; and the second is, the case of *Hart* v. *Brady* (1 *Sandf. S. C. R.* 626,) holds that the deputy cannot set up such a defense against the sheriff. The objection to the bond is untenable. A bond is valid, although the obligor's name is not inserted in the body of it. (7 *Cowen*, 484. 5 *Mass. R.* 538.) I believe I have disposed of all the questions raised upon the trial of this cause;

and if I am right in the conclusions which I have attained, it follows that the plaintiff is entitled to recover the amount of the judgment, being $231.97 and interest from the 15th day of March, 1851. This includes $63.60 which was recovered against Thomas for the costs of the suit; and the costs of defending the suit, including the disbursements, amount to $121.10. The defendants are liable for the costs of the. suit. (*Kip* v. *Brigham,* 6 *John.* 168, 171, 172.) I direct a judgment to be entered for the plaintiff, for judgment $231.97 with interest thereon, and the costs of the defense, making the sum of $381.11.

[DELAWARE SPECIAL TERM, September 28, 1852. *Mason,* Justice.]

NOTE. An appeal was taken from the decision in this case, and the judgment was *affirmed* at the general term held in Madison county, in September, 1854. *Crippen, Shankland* and *Mason,* Justices.