Near
v.
Van Alstyne.

NEAR *vs.* A. M. & L. VAN ALSTYNE.

It is competent to a *justice* to amend an *attachment* issued by him, by insert-
ing after the return of the process the amount of the debt sworn to by the
applicant.

ERROR from the Madison common pleas. Near com-
menced a suit by *attachment* against the defendants. On
the return day of the process, the defendants appeared and
objected that the *amount of the debt sworn to by the appli-
cant* was not stated in the attachment, 2 *R. S.* 230, § 30,
and prayed that the suit abate. The justice, instead of
granting the motion, *amended* the process by inserting the
words *fifty dollars* as the sum sworn to, and proceeded to
hear the proofs of the plaintiff, (the defendant refusing to
appear,) and rendered judgment in favor of the plaintiff.
The common pleas of Madison, on *certiorari*, reversed the
justice's judgment. The plaintiff sued out a writ of error.

*S. Chapman*, for plaintiff in error.

*J. Benedict*, for defendant in error.

*By the Court*, SAVAGE, Ch. J. By the construction given
by this court, in *Brace* v. *Benson*, 10 *Wendell*, 214, to the
revised statutes, 2 *R. S.* 424, 5, and 225, it was held that
justices have the power of amendment, in the same man-
ner as courts of record before judgment. The amend-
ment made by the justice was clearly such an one as it be-
came his right and duty to make. The provision requir-
ing process to be filled up before issuing, 2 *R. S.* 267, §
233, was intended to guard against the abuse which at
one time was but too common. Justices put blank pro-
cess into the hands of constables and others, to be fil-
led up by them as they saw fit, in the same manner as
attornies in courts of record issue process. To such ca-
ses the statute is applicable, but does not interfere with

the power of amendment in clerical mistakes, in process issued properly by the justice himself.

The common pleas erred, and the judgment must be reversed.

Judgment reversed.