THOMAS NEELE vs. ANDREW BERRYHILL.

MYRON H. CLARK and WILLIAM GORHAM vs. ANDREW BERRYHILL.

HENRIETTA S. GIBBS vs. ANDREW BERRYHILL.

The court will not allow a *party* to suffer by the omissions or mistakes of a clerk, attorney, or other officer of the court, where a substantial right is involved.

Thus, two written statements duly verified, were filed by an attorney with the clerk of the county, for the purpose of having judgments entered by confession (against the same defendant) without action, pursuant to chap. 3, of title 12, of part 2, of the Code of Procedure. And the clerk entered in the judgment book, judgments of the Supreme Court for the respective amounts confessed, with costs; but omitted to endorse the same upon the statements as directed by § 337. On a subsequent day another written statement against the same defendant, by a different attorney, was filed with the same clerk, and judgment by confession thereon was perfected regularly in all respects, pursuant to the code aforesaid—the last mentioned attorney knowing of the omissions in the two first causes. On a day subsequent to the entry of this last judgment, the attorney in the two first causes consented that the clerk *re-enter* the two first named judgments by making the proper endorsements &c.; to perfect the same regularly—which was done—making them subsequent in entry and lien to the judgment first regularly entered.

On a motion in behalf of the plaintiffs in the two causes first mentioned for an order requiring the clerk to endorse on the statements as of the time they were *originally filed* and that the judgments be entered in the judgment book and docketed as of the same day; the order was granted, and the *re-entry* vacated.

*Ontario Special Term, February,* 1849.—*Before* WELLES, *Justice.* On the 4th day of December, 1848, a written statement, duly verified, was filed with the clerk of Ontario county, for the purpose of having a judgment entered by confession, without action in the first above entitled cause, for the sum of $204.25, pursuant to ch. 3, of title 12 of part 2, of the Code of Procedure. Upon receiving and filing the statement, the clerk entered in the judgment book a judgment of the Supreme Court for the amount confessed, with $5.00 costs; but omitted to endorse the same upon the statement as directed by § 337. On the 12th day of December, 1848, a similar statement was filed with the same clerk in the second cause, for judgment without action for the sum of $230.38, duly verified in pursuance of said chapter, upon which the clerk entered judgment in the judgment book for the amount confessed, and $5.00 costs, and omitted, as in the first case, to endorse the judgment on the statement.

On the 20th day of January, 1849, a judgment by confession was entered in the third cause, for the sum of 389.23, and 5.00 costs, which

was in all respects regular, and in conformity with the said Code of Procedure—all the said judgments were docketed at the times of filing the statements respectively.

On the 26th January, 1849, upon having his attention directed to the said 337th section of the code, and his omissions to endorse the judgments on the statements in the first two causes, the clerk made the endorsements on the statements in those causes as required by said section, refiled the statements as of that day, and entered and docketed the judgments in the judgment book and docket kept in his office.

At the time the statement in the third cause was filed and the judgment perfected thereon, which was on the 20th day of January, the attorney for the plaintiff knew of the omissions of the clerk to make the proper endorsements on the statements in the first and second causes. The clerk, in his affidavits, states that upon having his attention called to the omissions to make the proper endorsements upon the statements on the 26th of January he believed he could not at that time endorse judgments on the statements, which would support the judgments previously entered in the judgment book and docketed in the same causes, and, therefore, concluded to enter, and did enter and docket the judgments on the said 26th day of January, after having endorsed the same on the statements as required by the law; and that said judgments were so entered up a second time by him, in order to prevent loss to the plaintiffs by the recovery and docketing of any other judgments against the said Berryhill, which might become prior liens to the judgments in the said first and second causes. It also appears by the clerk's affidavit, that at the time the judgments were endorsed by him on the statements in the first and second causes, (26th January, 1849,) there was no other judgment against the said Berryhill, docketed in his office, since the said 4th day of December, 1848, excepting as above stated. The attorney for the plaintiff in the third cause states in his affidavit, that on the 26th day of January, 1849, he informed the attorney for the plaintiffs in the first two causes, that no judgment had been endorsed on the statements, and that on the 27th of the same month the attorney informed him that he had on the day previous thereto, directed the clerk to make the endorsements and docket the judgments, as of the 26th day of January aforesaid; and that the endorsements are in the handwriting of the said attorney.

Upon these facts and allegations, a motion was made in behalf of the plaintiffs in the first and second causes, for an order requiring the clerk of Ontario county to endorse on the statements, judgments in the Supreme Court, as of the times they were originally filed respectively, and that

such judgments be entered in the judgment book and docketed as of the same dates respectively.

J. WILSON and GEO. WILSON, 2d, *for plff's in 1st and 2d causes.*
M. H. SIBLEY and H. METCALF, *for plff's in 3d cause.*
E. G. LAPHAM, *for defendant.*

WELLES, Justice.—If it were not for the fact that the plaintiff's attorney in the first two causes directed the entry of the second judgments in those causes, on the 26th of January, I should have no difficulty in disposing of this application. The plaintiff's attorney had done all in his power, and all the law required of him, when he left the statements with the clerk to be filed. It was then the duty of the clerk to endorse upon upon them, and enter in the judgment book, judgments of the Supreme Court for the amount confessed, with five dollars costs in each case. The statements and affidavits, with the judgments endorsed, would have thereupon become the judgment rolls, (§ 337 of the code) and if the clerk for any reason, not connected with the plaintiffs, as implying their direction or consent, had omitted any part of his duty, the court on application made in a reasonable time, would direct the thing done, which had been thus omitted by the clerk, as of the time it should have been done. It is a settled principle with the court, that its suitors shall not be prejudiced by the mistakes or misprisions of its officers; and amendments in such cases, are generally matters of course. (*Close* v. *Gillispie*, 3 J. R. 526; *Seaman and others* v. *Drake*, 1 C. R. 9; *Chichester and others* v. *Cande*, 3 Cow. R. 39.) The case *ex rel. Butler and others* v. *Lew. Com. Pleas*, (10 W. R. 541) is supposed to be an authority against the motion. In that case, the judgment record had been signed by a judge of the County Courts, not the first judge nor of the decree of counsellor of the Supreme Court, and in a case where the statute required it to be signed by either the clerk, the first judge or some other judge being of the degree of counsellor, &c.

On a motion in the Common Pleas to set it aside, for that defect, the court allowed the plaintiff leave to have the record properly signed and filed *nunc pro tunc.* The Supreme Court granted a mandamus, commanding the judges of the Common Pleas to vacate the rule made by them, and to set aside the judgment *so far as* the relators were concerned, who were junior judgment creditors. Nelson, Justice, who gave the opinion, recognizes the rule I have stated, and refers to the authorities I have cited without disapprobation; but distinguishes the case from those, on the ground that the judge who signed the record, acted without authority and

beyond his jurisdiction. On that subject he says, "the case does not fall within the rule, that the court will not permit a party to suffer by the errors of its officer. So far as the act of signing was concerned, the judge was not an officer of the court, he having no more right to perform it than any other individual." The decision was put mainly on the provision of the Revised Statutes, (2 R. S. 360, § 11,) which declares that no judgment shall be deemed valid so as to authorize any proceedings thereon, until the record thereof shall be signed and filed; and § 12, which declares that no judgment shall effect any lands, &c. or have any preference as against other judgment creditors, &c. until the record thereof be filed and docketed, &c. He regarded the record in that case of no more validity than if the attorney had filed it, when it came from the hand of his clerk, and as a mere blank piece of paper, so far as the judgment was concerned. The case is therefore plainly distinguishable from the present. If the error in that case had been committed by the clerk so as to bring it within the rule referred to, I think it clearly inferable that the decision would have been the other way.

But it is urged, among other things, that by the second or re-entry of the judgments in the first two causes, on the 26th of January, and *that* by the direction of the attorney for the plaintiffs, whatever rights may have existed prior to that time to have the omissions of the clerk supplied, were by that act waived, and that by refiling the statements and perfecting regular judgments on that day, the power of the clerk, and the authority of the statements were exhausted; and that the judgments were good and valid in all respects as of the day last mentioned, and it is denied that the court has now any power to grant the relief asked for.

There is certainly plausibility in these positions; and yet, I do not think they form an insurmountable obstacle to the interposition of the equitable power of the court in the premises. Suppose the clerk, as is fairly to be intended from his affidavits, entered the second judgments on the 26th of January upon his own suggestion and without the knowledge or consent of the plaintiff's attorney; I do not see but in that case his authority and the force of the statements, would be expended as much as if he had done it by direction of the attorney. It would then, as much as in any other case, have been a mistake of the officer of the court. A party should not be permitted to suffer by the act of the clerk in mutilating records or papers in his office any more than by his omission to perform a plain duty.

It is furthermore said, that when the attorney discovered the omissions on the 26th of January, he had an election to apply to the court for the

relief to which it might then have been entitled, or to take new judgments as of that time ; and having chosen the latter course he has determined his election, and is bound by it. In the first place, the clerk represents it to have been his own act, and done upon his own suggestion. The proof to the contrary is circumstantial, consisting of the fact that the endorsements upon the statements are in the handwriting of the attorney, and his admissions and declarations sworn to in the affidavits read in opposition to the motion, to which no contradiction or explanation could be offered. Such declarations and admissions made by the attorney would not be received in evidence against a party, upon the trial of an issue, because it would be hearsay evidence, and the attorney would be a competent witness to the fact alleged to have been admitted by him. And the rule should be the same on a motion in regard to opposing affidavits, which the moving party has no opportunity of answering, especially since the Legislature has provided a way to obtain the evidence, (2 R. S. 554 1st ed. § 24.)

The handwriting of the attorney, alone, proves nothing, as it was competent for the clerk to request or employ him or any one else to make the endorsements, and it will be deemed as having been done by the clerk. In the present case, they were subscribed by the clerk himself. In the next place, if the act was done by the express direction of the attorney, it was not, in my judgment, such a determination of an election as to conclude the party. The rule which I have mentioned and repeatedly referred to, extends to the mistakes and omissions of attorneys, as officers of the court. This is expressly held in the case of *Close* v. *Gillispie*, already cited. Spencer, Justice, in that case says : " I cannot discover any difference, as to the allowing of an amendment, whether the mistake has happened through the omission of an attorney, or by that of a clerk. Both are equally officers of the court." Such is the rule in the English courts. (4 Burr, 2449.) I think, if an attorney has power, by virtue of his general retainer, to determine an election for his client, in a case where a substantial right is involved, (as to which there may be doubt,) that this should not be deemed such determination, but rather a mistake arising under a new system of practice, with which the courts as well as the legal professions are as yet but little acquainted.

And, finally, I think the 149th section of the Code of Procedure has made provision which fully covers this case. That section reads as follows: " The court may, at any time, in furtherance of justice, and on such terms as may be proper, amend any pleading or proceeding, by adding or striking out the name of any party, or (*may amend*) a mistake in

any other respect, or by inserting other allegations material to the case, or by conforming the pleading or proceeding to the facts proved, whenever the amendment shall not change substantially the cause of action or defence." The words, in a parenthesis, "*may amend*," are not in the section, but must be understood, in order to make sense of that part of the section. This section invests the court with very enlarged powers of amendment; and it is well that it does so, as otherwise the code itself, owing to its numerous, new, and complicated provisions, would have amounted, in many instances, for a considerable time to come, to nearly a denial of justice.

The only remaining question is, will the amendment or relief asked for be in furtherance of justice? Of this I have no doubt. To deny it would be unjust. It would be leaving a party to suffer by the neglect of the officers of the court. No injustice will be done by granting it, as the judgment in the last cause was perfected with knowledge of the rights of the plaintiffs in the other two, and no judgments in favor of other persons have been entered against the defendant in the meantime, or since the plaintiffs in those causes were entitled to have their judgments perfected.

The plaintiffs in the first and second causes are entitled to have the statements filed, and judgments regularly perfected thereon, according to ch. 3, of title 12, of part 2 of the code, as of the times they were originally filed with the clerk, (the 4th and 12th December, 1848,) and to have the judgments entered on the statements on the 26th of January, 1849, together with the filing of the statements and docketing the judgments on that day, vacated—a rule or rules may be entered accordingly—no costs of motion are allowed to either party as against the other.