Conklin and Conklin agt. Dutcher.

5 How. 386–FOLLOWED, 7 How. 360, 363. OVER-
ULED, 16 Id. 78. *See* 7 Id. 357, 358.

## SUPREME COURT.

### CONKLIN AND CONKLIN agt. DUTCHER.

Where an *affidavit* for an attachment under § 227, 8 and 9 of the Code, sets forth enough to call upon the officer for the exercise of his judgment upon the weight and importance of the evidence stated, it is sufficient to give jurisdiction.

An attachment can not be superseded or set aside on special motion, upon affidavits which go only to contradict or disprove the facts contained in the affidavit upon which it was granted; or, in other words, upon the merits.

It is not necessary to state in the affidavit for an attachment, that a summons has been issued.

An undertaking in the form of a penal bond is good, where it contains the conditions provided by the Code (§ 230).

No appeal will lie to a justice of this court, at special term, from an order of a county judge granting an attachment. The latter acts as a justice of the Supreme Court at Chambers, and his orders are to be reviewed in like manner (§ 403).

The only mode of getting rid of an attachment, improvidently issued, is by applying to the judge to vacate his own order (§ 324), or by appeal to the general term (§ 349). But in neither case can opposing affidavits be used by the defendant nor additional affidavits by the plaintiff.

Motions to set aside attachments for *irregularity* merely, may of course be made at special terms.

*General Term, July* 1850. This is an appeal from an order made at a special term denying defendant's motion to set aside an attachment, issued pursuant to sections 227, 8 and 9 of the Code. The motion was founded on several distinct grounds. 1st. That the affidavit was insufficient. 2d. If sufficient, then the defendant offered his opposing affidavit disproving the facts set forth in the plaintiffs' affidavit on which the attachment issued. 3d. That the attachment was issued before the summons was issued. 4th. That the undertaking was in the form of a penal

bond and that it·did not provide for costs, &c.   5th. That it was not acknowledged or proved in the manner directed by the 76th rule of this court.

By the Court, SHANKLAND, Justice.—1. The facts set forth in the plaintiffs' affidavit to procure the attachment, were entirely sufficient to entitle them to that process.   The rule is that if enough is set forth in the affidavit, to call upon the officer for the exercise of his judgment upon the weight and importance of the evidence, it is sufficient; it is only where there is a total want of evidence upon some essential point, that the officer will fail to acquire jurisdiction (4 *Hill R.* 602; 20 *W. R.* 77).   The facts in this case are stronger than in the cases cited, to warrant this process.

2. The defendant's affidavit to falsify the facts contained in the plaintiffs' affidavit should not be received.   No provision is made by the code for superseding the attachment in this manner; and the well settled rule, independent of any statutory provision, is not to receive contradictory affidavits on questions like this. It is so, on attachments issued by justices (9 *J. R.* 130), even where it is attempted by plea in abatement of the process.   So, on questions of holding to bail (4 *Vesey, Jr.* 590; 2 *East. R.* 453; 16 *M. & W.* 196 ; 12 *Price R.* 194; 1 *Excheq. R.* 436; 3 *Barb. S. C. Rep.* 229; 3 *How. Pr. R.* 265).

The code in allowing this process, evidently intended it as in the nature of bail; and the defendant can at any time before final judgment, get the property discharged, by giving an undertaking for the payment of any judgment which may be recovered (§240, 241).   The entire omission of any other mode of discharging the attachment, is quite conclusive that the legislature did not intend that conflicting affidavits should be received for that purpose; especially as they have carefully provided for the reception of such affidavits in two of the provisional remedies in this same code.   In the cases of arrest and bail, sections 204 and 205, provide, " that a defendant arrested, may at any time before the justification of bail, apply on motion to vacate the order of arrest, or to reduce the amount of bail; and if the motion be made upon

affidavits on the part of the defendant, but not otherwise, the plaintiff may oppose the same by affidavits, or other proofs, in addition to those on which the order of arrest was made. Similar provisions are made, by which to get rid of injunction orders, by sections 225 and 226. Like provisions were made by the 45th and 46th sections of the absconding debtor act (2 *R. S.* 70, 3d ed.).

3. The affidavit of the plaintiffs' attorney, read in opposition to this motion at the special term, proves that the summons was in fact issued previous to the issuing of the attachment; and as it was not necessary for the plaintiffs to state, in their original affidavit for this process, that a summons had been issued, it was in time to show that fact in opposition to this motion.

4. The undertaking in the form of a penal bond, is good as an undertaking under the code, as no particular form is prescribed for such an instrument. The conditions of this bond of undertaking are all that the code requires. Both damages and costs are provided for, and the penalty is in the sum of two hundred and fifty dollars (§ 230).

5. But the undertaking was not proved nor acknowledged before the same was received by the county judge as required by the last clause of rule 76th of this court. But it is a defect which can be supplied, and we should permit it to be done on payment of costs, if we can take cognizance of this motion on appeal.

A careful examination of the code has forced me to the conclusion that not one of the five questions involved in the motion at the special term, are brought here by this appeal. Section 349 and its several subdivisions, are the only provisions to which the parties can look for the right of appeal from orders made by a single judge. This is not an appeal from the order of Judge Hyde, granting the attachment, but it is an appeal from the order of Justice Monson, refusing to set aside said attachment. If an appeal had been made from Judge Hyde's order *granting* the attachment, the case would have been within the first subdivision of section 349, which allows an appeal from an order *granting* or *refusing* a provisional remedy. But justice Monson neither *granted* or *refused* a provisional remedy. He merely refused to

Conklin and Conklin agt. Dutcher.

interfere in the matter; and I doubt his power to have interfered with that question. No appeal lay to him, at special term from the order of Judge Hyde. The latter, in making the order in question, was acting as a justice of the Supreme Court at chambers, and his orders are to be reviewed in the same manner (§ 403). Justice Monson had the questions of the irregularity, in issuing this attachment, properly before him, but not the question whether the facts on which Judge Hyde granted the attachment were sufficient to warrant the attachment. That question can come up only by appeal from the order of Judge Hyde.

The defendant against whom an attachment has issued has two modes of getting rid of it, where it has been improvidently granted. 1st. By applying to the judge to vacate his own order (§ 324); and 2d, by appeal to the general term under § 349, subdivision one. But in neither mode can opposing affidavits be used by the defendant, nor can additional affidavits be used by the plaintiff. In this case the defendant has pursued neither of these modes, and is without remedy.

In the case of Morgan vs. Avery (2 *Code Rep.* 91), Mr. Justice EDMONDS, held that the propriety of issuing an attachment under the Code may be tested by motion at special term, and that *additional* affidavits may be there used by the plaintiff, and *opposing* affidavits read by the defendant. His opinion proceeds upon the ground, in some measure, that an appeal would not lie from the granting the attachment, because it is by *warrant,* and not by *order.* But section 400 enacts that " every direction of a court or judge, made or entered in writing, and not included in a judgment, is denominated an *order.* The warrant of attachment, signed by the judge, or his allowance endorsed thereon, is clearly a " *direction in writing*," within the above definition of an *order.* Section 400 was probably overlooked by the learned justice, in the above cited case of Morgan vs. Avery. I am therefore of opinion that we have not the question before us, whether the original affidavit on which Judge Hyde acted in granting the attachment, was sufficient or not; and that the other questions disposed of on the special motion, are not appealable, and that this appeal should be dismissed without costs.