## JOHN COOPER and JOHN B. COOPER v. WILLIAM W. KINNEY and others.

In an action commenced in the Marine Court by a summons which required the defendants to answer "a complaint for a money demand on contract," the plaintiffs, on the return of the summons, the defendants having appeared, applied for leave to amend it by substituting the words "an injury to personal property" for "a money demand on contract." The court permitted the amendment, and the defendants excepted.

*Held*, on appeal, that permitting the amendment was an act of discretion on the part of the court below, which was not properly the subject of review.

APPEAL from a judgment of the Marine Court. The facts are sufficiently stated in the opinion.

*R. Winne* and *F. Hughson*, for the appellants.

*J. R. Flanagan*, for the respondents.

By the Court, HILTON, J.—This action was commenced by the issuing of a summons, requiring the defendants to answer to " a complaint for a money demand upon contract." On the return of the summons the parties appeared, and the plaintiffs then applied to the court for leave to amend the summons by striking out the words " a money demand on contract," and inserting, in lieu thereof, " injury to personal property," and thus change the character of the action from contract to tort. The court permitted the amendment, and the defendants excepted " on the ground that the court had no power to amend process after it had once issued."

Every court has power to amend its process and proceedings, (2 R. S. 424, § 1,) and courts of record have this power not only conferred upon them by express enactment, (Code, § 173,) but are required " to disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party." Code, § 176. This being the rule in courts where formerly adherence to strict form has often been deemed essential, there certainly exists no reason for the application of a more stringent practice than has heretofore prevailed upon this subject in justices' and other inferior courts.

It has always been their duty to allow such amendments as will promote substantial justice between the parties; and in this case, the court having jurisdiction of the parties to, and subject matter of, the action, permitting the amendment was an act of discretion which will not be reviewed by us. Code, § 336; *Colvin* v. *Corwin*, 15 Wend. 557; *Brace* v. *Benson*, 10 Wend. 213; *Fulton* v. *Heaton*, 1 Barb. S. C. 552.

Judgment affirmed.