OLIVER BASCOM and others, Respondents, *v.* LEWIS E. SMITH, Appellant.

In justice's court, to obtain an attachment against a non-resident, the affidavit upon that point is sufficient, as against third parties, if it states "that the deponent (plaintiff) applies for an attachment on the ground that the defendants are not residents of that county, but are residents of another county."

The affidavit in this case is sufficient to give the justice jurisdiction, as against third parties, and cannot be attacked collaterally by them.

The approval of the bond by the justice is sufficient, as against third parties, even if he does not expressly certify it was executed in his presence.

The return by the officer upon the attachment, stated in this case, is sufficient to give jurisdiction, as against third parties.

Where a party takes several different objections to evidence, and the court excludes the same upon a single ground, and on appeal that ground is held erroneous, but some of the other objections are well taken, the court will not sustain the decision upon the other grounds, unless they are such as could not be obviated on a second trial. The objection that the original papers could not be proved by the certificate of the justice, is an objection that might be obviated on a second trial; and, therefore, the decision below should not be sustained upon that objection, as the court did not place its ruling upon that ground.

THIS was an action in the nature of trover for two horses, tried at the Washington Circuit, September, 1858, before Justice ALLEN and a jury.

The plaintiffs claimed the two horses in question under a chattel mortgage executed by Joseph and Orange Collins, who then resided at Whitehall, in Washington county.

The defendant justified under an attachment issued by a justice of the peace of Saratoga county, in favor of Nelson Shonts against the mortgagors.

On the trial, after the plaintiffs had rested, the defendant offered in evidence a transcript from the docket of James Lee, a justice of the peace of Saratoga county, showing the proceedings in the said action in favor of Shonts.

The defendant also offered in evidence the original application, affidavit, bond, attachment and constable's return, in the suit before the said justice, also the original summons and return thereto, and complaint, and that the property in question was sold on execution on said judgment October 27,

1857, and bid off by the defendant, and that the said mortgage was fraudulent as against said attachment, judgment and execution. The plaintiffs' counsel objected to said evidence on the grounds,

1st. There is no proof of the non-residence of the defendant thereto, or of any facts or circumstance authorizing the issuing of the attachment.

2d. The affidavit does not show that the case falls within the exceptions in which a warrant cannot issue.

3d. The affidavit should state the facts, showing that the warrant could not issue.

4th. The bond does not appear to have been executed in the presence of the justice, or acknowledged before him or other proper officer.

5th. The return to the attachment is not sufficient, as it does not show that it was personally served, or left at the last place of residence of defendant. It does not appear whether it was personally served or not, or that the attachment or inventory served were certified by the constable, or that it was served immediately, or when it was served. That it was returned before the return day. It does not appear that it was served in the county of Saratoga, and the plaintiffs further object to said papers, except said judgment, that the certificate states that they are the original papers, and is incompetent to prove that these are the papers — the papers are not properly proved. The court ruled that the affidavit was insufficient to show that defendants therein were non-residents of the county of Saratoga, and that the judgment was void, and thereupon excluded all of the evidence thus offered, to which the defendant's counsel duly excepted.

The following is a copy of said affidavit, viz.:

" SARATOGA COUNTY, *ss*:

" Nelson Shonts, being duly sworn, deposeth and saith that Joseph Collins and Orange Collins are justly indebted to this deponent on a demand arising upon contract, in the sum of sixty dollars and eighty-eight cents, or more, over and above all discounts which the said Joseph Collins and Orange Collins may have against him.

" And deponent further saith, that he applies for an attachment on the ground that the said Joseph Collins and Orange Collins are not residents of the county of Saratoga, but are residents of the county of Washington.

" And this deponent further says that according to the 31st section of the act to abolish imprisonment for debt, and to punish fraudulent debtors, no warrant can issue against the said Joseph Collins and Orange Collins, and that this deponent will be in danger of losing his debt, unless an attachment is issued against the said Joseph Collins and Orange Collins.

" N. SHONTS.

" Subscribed and sworn to before me this 10th day of October, 1857. JAMES LEE,

" Justice of the Peace."

The bond was in the usual form, and sealed and delivered in presence of W. B. Harris; and at the bottom of the bond was the following, indorsed by the justice, viz.:

"I approve of the surety in the above bond. Dated this 10th day of October, 1857. JAMES LEE,

" Justice of the Peace."

The return annexed to the attachment was as follows:

"By virtue of the annexed attachment, I have seized and taken one large chestnut colored mare, and one grey mare, and the defendants not being found in the county of Saratoga, I served a copy of the said attachment on Thomas Connelley, in whose possession I found the property so attached, with an inventory of said property attached indorsed thereon. Fees, $1.

" Dated Oct. 10th, 1857.

" A. M. CUMMINGS, Constable."

The jury rendered a verdict in favor of the plaintiffs for the value of the two horses.

The defendant appealed to the General Term, and the judgment was affirmed in the fourth district in May, 1859. That court holding that the affidavit was defective, and also that the original papers could not be proved by the justice's certificate.

The defendant appealed to this court, where the case was argued in September, 1863, on the part of the appellant, and submitted on printed points on behalf of the respondent.

*E. F. Bullard,* for the appellant.

I. The affidavit is sufficient to show that the defendants were residents of the county of Washington.

The language is, " And the deponent further saith, that he applies for an attachment on the ground *that the said Joseph Collins, &c., are not residents of the county of Saratoga, but are residents of the county of Washington.*"

That means the same as if it read, "that he applies, &c., *for the reason that* they are not residents, &c."

Or " that he applies, &c., *because* they are not residents, &c."

Or " that he applies, &c., *from the fact that* they are not residents, &c."

The language in each case means the same thing in common parlance as used in the democratic courts.

This attachment is granted under (3 R. S., 5th ed., 462, § 215, 33), which provides that a short attachment shall issue when the defendant shall reside out of the county.

And if such defendant shall be proceeded against otherwise, the justice shall have no jurisdiction of the cause.

Before any attachment shall. issue, &c., the plaintiff shall, by his own affidavit, &c., prove to the satisfaction of the justice the facts and circumstances to entitle him to the same, that he had such a claim, &c." (Paige, p. 463, § 217.)

It will be observed that the last section is directory, and a failure to comply does not declare the act void. Whereas section 215 makes the act void, if any process but a short attachment shall issue.

According to the construction of the statute in regard to insolvent discharges, the failure to make a proper affidavit does not render the attachment void. (*The People* v. *Stryker,* 24 Barb., 649.)

At page 651, EMOTT, J., says : "By section five the debtor is required to state in his schedule the true cause and consideration of every debt, still there is no provision that a failure to comply with either of these requirements shall of itself render the discharge void."

The statute in question only requires the party to prove to the satisfaction of the justice the facts, &c.

Proof upon that point has been given, and if the justice has erred in weighing it, there is a proper way to review it by appeal.

The defendant does not appeal and thereby waives all error.

The case of *Harmon* v. *Brotherson* is in point. (1 Denio, 537.)

In that case Brotherson was held to bail on an affidavit stating the facts merely upon *information* and *belief*. The court held the affidavits insufficient, and that the order would be set aside for that reason if directly attacked by motion, but that the order could not be attacked collaterally.

"When we determine that a sufficient case was not made for the exercise of the judgment of the officer, we must consider the judge and all the parties trespassers in whatever they do." DENIO, J. (*Van Alstyne* v. *Erwin*, 1 Kern., 341.)

The case of *Staples* v. *Fairchild* (3 Com., 44), relied on by the court below, is not in point.

In that case there was no *affidavit* or *proof* in regard to the *residence* of the *creditor*, and it was not stated in the application. The affidavit merely recited, "Giles Sanford, of the city of Albany, being duly sworn," &c. No fact was sworn to in regard to his residence and nothing stated about it in the body of the affidavit.

Page 46, JEWETT says: "If there be a *total* defect of evidence as to any essential fact, the process will be declared void, &c. But when the proof has a legal *tendency* to make out a proper case, in all its parts, although the proof may be *slight and inconclusive*, the process will be valid until set aside by a *direct* proceeding for that purpose."

It will be seen that the case at bar is different, because here the affiant has already sworn and stated certain facts positively. He then proceeds, "and *deponent* further saith," that is, he states the facts under oath to show that he is entitled to the process. He is *not* making his *application*, which was a separate paper, but is trying to state facts in regard to the residence of the defendants, and construed in that light, he says " that the said Collinses are not residents of

the county of Saratoga, but are residents of the county of Washington." An affidavit, like all other papers or contracts, must be construed to carry out the *intent* of the party making it. (3 Kern., 98; Willard Eq., 491). The part here quoted was in writing and the rest printed, and in such cases the written part is to be regarded as the strongest to show the intent. If the party should be indicted for perjury, it would be construed most strongly against him, and would clearly bring him within the intent to swear that the defendants were residents of Washington county.

Any different construction of this affidavit would make it more difficult to practice in justices' courts than in courts of record. The statute commands this court to construe liberally, and disregards defects, &c.; whereas, to overthrow this affidavit, and hold all parties trespassers, requires a criticism astute enough to split the finest hair, with a mind as keen as the justice who gave the opinion in the court below.

Why should laymen and inferior magistrates be held to know more than our highest judges? All may err, but it does not follow that their acts should be void.

In *Clark* v. *Luce* (15 Wend., 479) a very intelligent court held that no affidavit was necessary in such cases. In 4 Denio, 592, the same court held the other way. A majority of the Court of Appeals finally concurred with the latter decision, yet the first court should not be held liable as trespassers for deciding wrong. They must have been, if they had granted an attachment upon their own opinion, if the doctrine now contended for is to prevail.

We insist the case in 3 Comstock, above cited, should not be extended. It has not been extended to a case of this kind.

The General Term in the third district, two years after, held that an affidavit just like the one in question was sufficient. (*Van Kirk* v. *Wilde*, 11 Barb., 520.)

The court in the case at bar erred in supposing that the affidavit was not questioned. At page 523 of case it says: "The counsel for the plaintiff objected to the attachment, on the ground that the affidavit and papers on which they were issued were insufficient."

Pages 504–5. Court say "the affidavits, &c., are exceedingly informal; but I think they contain enough to meet the requirements of the statute." "They state that the plaintiff has a debt, &c., and *that* the defendants are non-residents of the *county.*"

This opinion given by Harris, J., and concurred in by Wright, J., now of this court.

This decision was made and reported over five years before the attachment in question was issued, and blanks were printed in Albany, of the same form, and were scattered and used all about the State; yet that case has never been questioned since by a reported decision, and has now stood as the conceded law of this State for more than twelve years.

This court has since been construing the acts of inferior magistrates with greater liberality, and tending more to establish truth than to turn justice out of court upon a technicality.

Speaking of allowing interest, Bronson says: "The rule is just in itself; and as it is now nearly nineteen years since the point was decided in favor of the creditor, and eight out of nine judges of the Supreme Court have at different times concurred in that opinion, we think the question should be regarded as settled." (*Van Rensselaer* v. *Jewett*, 2 Comst., 140, 141.)

That language is applicable to the case of *Van Kirk* v. *Wilde*, and to the case at bar.

The principle is just in itself. The party seeking to collect an honest debt against a fraudulent debtor, attaches his property.

The debtor does not complain of the proceedings, by appealing, but allows the judgment to stand.

Now a fraudulent mortgagee, with a floating mortgage, comes in and asks to cover his fraud and screen himself behind, 1st, a technical rule of law that will not allow the creditor to impeach his mortgage until he obtains a judgment; 2d, a technical and narrow and illegal construction of the creditor's affidavit, which shall make the judgment void and protect the fraudulent holder of this mortgage.

We submit that neither law, justice, equity or common honesty requires this court to strain the rules of grammar to uphold a fraud.

To show that this court have been leaning in favor of a liberal construction, and have not extended the case in 3 Cowen, I refer to the language of Judge Denio, in 1 Kernan, 340, 341.

"The criticisms which the counsel asks us to indulge in, would, if generally applied to such proceedings, render them extremely hazardous, not only to the parties, but to the officers, &c."

"A liberal indulgence must be extended to these proceedings, even upon questions of *jurisdiction*, if we would not render them a snare rather than a beneficial remedy."

This view is reiterated in *Skinnion* v. *Kelly* (18 N. Y.,) and carried further in *Reno* v. *Pinder* (20 N. Y., 298.)

The true rule should be, to hold that an *affidavit*, &c., gives *jurisdiction*, no matter how informal. No other rule could do full justice to both sides. The defendant always has a full remedy by appeal.

This court have substantially adopted this rule (18 N. Y., 355.)

II. The affidavit does show that no warrant can issue.

The point at folio 15, not true in *fact*, and therefore not noticed by the court below.

The statute does not require the bond to be proved or acknowledged. It only requires it "*to be approved.*" (2 R. S., 230, 1st ed., § 29.) It was approved.

III. The return was sufficient. (11 Barb., 530.) (15 id., 546, 548.) (20 Wend., 145.)

In regard to the service of a summons, the statute is more special than the section in question. (2 R. S., 160, § 16.)

Yet under that statute, "personally served," with the date, is held sufficient. (2 Cow., 418.) (1 Cow. Treat., 3d ed., 553.) (20 N. Y., 299.)

The last three points not considered important by the court below.

IV. The General Term erred in fact, where it is supposed the defendant relied upon the justice's certificate.

The defendant offered in evidence the *original* affidavit and proceedings.

True, the plaintiff objected to the certificate to prove the papers, but the witnesses were sworn who could prove that such were the original papers.

The court, however, for the purpose of the trial, passed directly upon the affidavit, and held it insufficient, to which an exception was taken.

To afterwards offer to identify and prove the affidavit, when the court had already passed upon it, would be absurd. The court assumed it to be proved for the purpose of passing upon its effect.

We concede the rule that where two good objections are made, and the court exclude evidence on a single ground, the party may fall back upon the other ground, provided that point could not be obviated.

Here the other ground could have been obviated in a moment, if the court had not already assumed the paper in evidence, and passed upon its effect.

The judgment should be reversed, and a new trial granted.

*J. Potter*, for the respondent.

I. The evidence of the attachment proceedings was properly excluded.

1st. There was no proof of the identity or execution of the papers. The only proof of their identity or execution is where the justice certifies that they are the original papers.

2d. The affidavit required was fatally defective. The *facts* necessary for the issuing the attachment must be *proved* to the satisfaction of the justice. (2 R. S., 230; 3 R. S., 5th ed., 430, § 28.) It does not state any facts or circumstances *tending* to show that the defendants were non-residents of the county of Saratoga.

The affiant merely swears that he applies for an attachment on that ground. (8 Wend., 611; 7 Barb., 353; 3 Comst., 41; 4 Denio, 592; 20 Wend., 145.)

Again, it was defective for want of proof that a warrant could not issue.

The affidavit shows that the cause of action arose upon contract, and this is all. But there are some causes of action arising upon contracts which subject the defendant to arrest upon warrant. There is then no proof of the facts and circumstances showing that the defendants could not be arrested.

The affidavit should have shown what the character of the debt was, from which the justice could have seen and determined that the debt did not belong to one of the three classes specified in 2 R. S., 5th ed., p. 962, § 212; or should have stated that the debt was not for money collected by defendant as a public officer, or for official misconduct, nor damage or neglect in any professional employment. (5 Paige, 265.)

It was necessary for the plaintiff in that suit to give some *evidence tending* to show that the defendants were non-residents of Saratoga, and that no warrant could issue against them. Without such evidence the justice had no jurisdiction. (10 Wend., 421; 13 id., 404; 4 Denio, 93; 14 Wend., 237; 13 Barb., 634.)

II. The return of the officer was defective in these particulars:

1. It does not specifically return whether the attachment, &c., was personally served or not. This was a fatal error. (2 R. S., 461, § 213; 3 Denio, 317; 2 Comst., 110.)

2. It does not appear that the constable served a *certified* copy of attachment on Connery. Service of any other than a certified is no service. (2 R. S., 461, § 213, and 432, &c., 29.)

3. It was returned before the return day. It must be returned " at the day named for that purpose " in the attachment. (2 R. S., § 33.)

The reason for this is that the attachment may be served on the defendant personally if he can be found at any time before the return day.

This is a summary proceeding against a man's property without notice to him, and the statute has therefore provided specially for every stage of the proceeding.

Sound policy requires that they should be strictly observed, and every error in the mode of procedure must operate to divest the justice of jurisdiction, and render all subsequent acts void. (3 Denio, 317; 2 Comst., 110.)

PER CURIAM. As against third parties, the affidavit in this case is sufficient to sustain the jurisdiction of the justice. The non-residence of the defendants, though informally, is sufficiently alleged. The justice was sufficiently satisfied of the facts to issue his warrant, and third parties cannot attack it collaterally.

The objection that the bond was not legally approved by the justice, is not well taken. It certainly was taken by him as sufficient for the purpose for which it was given, and, as against third parties, it is sufficient, though he does not certify expressly that it was executed in his presence. The return is also sufficient as against these parties.

The statute requires a summons to be personally served, by reading, &c., and that the return shall state the manner of service. Yet it has been settled that a return merely stating "personally served," is sufficient. (2 Cow., 418; 20 N. Y., 229.)

The return in question is a substantial compliance with the statute. (20 Wend., 145; 11 Barb., 530; 15 id., 546.) Any other construction would render such proceedings extremely hazardous, and more complicated than the practice in the higher courts. (1 Kern., 340, 341; 20 N. Y., 298.)

The original defendant has acquiesced in the judgment, by not appealing therefrom. On appeal, a more strict construction might be required, as against him; but third parties cannot question the proceedings collaterally, unless there is a clear want of jurisdiction.

The objection that the original papers could not be proved by the certificate of the justice, is one which might be obviated on a second trial; and for that reason, the decision below should not be sustained upon such ground alone.

Judgment of the General Term reversed, and new trial ordered.