Talcott v. Rozenberg.

---

JAMES TALCOTT *v.* FELIX ROZENBERG AND MOSES LOWENSTEIN.

To justify the issuing of an attachment, on the ground that the defendant has disposed, or is about to dispose, of his property, with intent to defraud his creditors, it is sufficient if the affidavits, upon which the application is made, contain allegations of facts, which require the judge to exercise his judgment in the matter, and which though, not conclusive, yet tend legally to establish the fraud.

Where it appears by affidavit that when the goods were bought for which the action is brought, the defendants represented themselves to be worth a certain sum, and to be doing a cash business; and within a few weeks afterwards declared that they had no money, and did not know whether they were solvent or not; and it further appears that they had shipped out of the States nearly

their entire stock of goods: *Held,* sufficient to warrant the issue of an attachment.

The 57th sec. of the Judiciary Act of 1847 (Laws of 1847, chap. 280, § 57), declaring that no process of a court of record, which shall be subscribed by the party or his attorney, by whom it is issued, except such as shall be issued by the special order of the Court, shall be deemed void or voidable by reason of having no seal, applies only to courts of record, having general jurisdiction, and not to the Marine Court of the City of New York.

A defect that can be waived by a party is merely an irregularity, whereas if it cannot be waived, it is a nullity, and renders the process or proceeding in which it occurs totally null and void.

Where the clerk neglected to affix the seal of the Court to an attachment, issued out of the Marine Court of the City of New York: *Held,* that it was an irregularity, which could be amended by order on the return day.

An appellant cannot raise a point or insist on an objection not made in the court below, and rely upon it for a reversal of the judgment.

Where an attachment was issued under the act to abolish imprisonment for debt (Laws, 1831, chap. 300, § 34), and the sheriff in his return thereon certified that by virtue of the attachment he, on a certain day, attached the property mentioned in an inventory annexed to the return; and further, that he served a copy of said attachment and of the inventory, duly certified by him, on ——, one of the defendants, personally: *Held,* a substantial compliance with the statute.

APPEAL by the defendants from a judgment of the Marine Court.

The action was for goods sold and delivered. The plaintiff applied for an attachment on an affidavit, by which it appears that when the goods were purchased by the defendants, they stated that they had $25,000 cash capital in their business, over and above all their debts and liabilities; that they had other property in addition, which made them worth $40,000, and that they were doing a cash business; that a few weeks afterwards, when the plaintiff demanded payment for the goods, the defendants declared that they had no money, and had not had any for many days, except what they had borrowed, and that they did not know whether they were solvent or not. It also appeared that within a month prior to this time the defendants' stock of goods had amounted in value to $20,000, but that it had suddenly become reduced to $2,000, and that they were then packing up and removing the balance of their

stock, and that they had removed many thousand dollars worth of goods and sent the same to different cities, consigned to a brother of one of the defendants. Upon an affidavit, stating the foregoing facts, the court below issued an attachment, which was personally served on one of the defendants, and returned by the sheriff with a certificate as follows:—" I certify and return that under and by virtue of the annexed attachment, I did, on the 23rd day of March, 1869, attach the property mentioned in the annexed inventory; and I further certify that I served a copy of said attachment and inventory, duly certified by me, on Felix J. Rosenberg, one of the defendants, personally. Dated New York, March 29th, 1869. James O'Brien, Sheriff."

On the return day of the attachment (March 29th, 1869), the defendents appeared by counsel, and moved to set it aside, on the grounds that the attachment was not sealed, and that the affidavit was insufficient. This motion was denied, and the Clerk of the Court was directed to seal the attachment. On the 1st April, 1871, judgment was entered against the defendants for want of an answer, and from this judgment, as affirmed by the general term of the Marine Court, the defendants appeal to this Court. The objection that the above return of the sheriff was defective, was first raised at the general term of this Court, and after the return had been amended by order of the court below.

*Alex. Blumenstiel,* for appellant.

*Dubois Smith,* for respondent.

By the Court—Loew, J.—On this appeal three questions are presented for our consideration. 1st, were the affidavits, upon which the attachment was issued by the court below, sufficient to sustain the same, and confer jurisdiction on that tribunal? 2nd, was it necessary that the attachment should bear the seal of the court, and, if so, could the defect of its omission be cured by amendment? and 3d, was the sheriff's return sufficient, and if not, had the court below the power to order it to be amended?

As to the sufficiency of the affidavits, it may perhaps be, that the plaintiff did not make out a very strong case, but still I think, the facts set forth are sufficient to support the allegations that the defendants had disposed, and were about disposing, of their property, with the intent to defraud their creditors. From plaintiff's affidavit it appears that when the goods were purchased, the defendants stated that they had $25,000 cash capital in their business, over all their debts and liabilities; that they had other property in addition, which made them worth $40,000, *and that they were doing a cash business.*

And yet, a few weeks thereafter, when the indebtedness became due, they declared that they had no money, and had not had any for many days, except what they had borrowed, and that they did not know whether they were solvent or not. It further appears, that, within a month, prior to this time, their stock of goods had amounted in value to $20,000, but that it had now suddenly become reduced in amount to $2,000, which they were then packing up and removing.

It also appears that within the same space of time they had secretly removed many thousands dollars worth of goods from their store, and sent the same to Trenton, N. J., New Brunswick, Rochester, and Albany, all directed to " S. Lowenstein," a brother of one of the defendants. It seems to me that this affidavit was sufficient to authorize the issuing of the attachment.

Such was our opinion on the argument, and upon reflection, I, for my part, can see no reason for changing it.

A liberal indulgence is to be extended to these proceedings, even upon questions of jurisdiction, and although the case be neither strong nor conclusive, still if enough is set forth in the affidavit to require of the officer the exercise of his judgment in the matter, and the facts legally tend to support the allegation that the defendant has assigned and disposed of, or is about to assign and dispose of, his property with the intent to defraud his creditors, it will be sufficient ( *Van Alstyne* v. *Erwine,* 11 N. Y. 340 and 341; *Bascom* v. *Smith,* 31 N. Y. 320; 4 Hill, 598 and 602; 5 How. 386).

With regard to the second point, it may be said that the law creating the Marine Court, provided that all process issuing out of said court should be sealed with the seal thereof. (2 R. L. of 1813, p. 383, § 111.) In *Churchill* v. *Marsh*, (4 E. D. Smith, 369), this court held that a compliance with said provision of the law is still requisite and necessary. Upon the doctrine of *stare decisis*, that decision, unless manifestly erroneous (which I am not prepared to say it is), controls, and should be adhered to by us in the present case. It follows, therefore, that the attachment should have been issued under the seal of the court. The counsel for the respondent, in support of his argument that the seal was unnecessary, has referred us to the 57th sec. of the Judiciary Act of 1847 (Laws of 1847, chap. 280, § 57), which declares that no process of a court of record, which shall be subscribed with the name of the attorney or party by whom it is issued, except such as shall be issued by special order of the court, shall be deemed void or voidable by reason of having no seal. This provision, I am inclined to think, will not aid him. Although the law creating the Marine Court declares that it shall be a court of record, still it is such only for certain purposes. Its jurisdiction is special and limited, nor does it, in the exercise of that jurisdiction, act as a court of record between parties. That court is nowhere mentioned in the Judiciary Act, and I am satisfied, from the whole tenor of the act, that the provision referred to was intended by the Legislature to apply only to courts of record having general jurisdiction, and where the summons or other process is issued and subscribed by the attorney or party to the action, and not by the clerk of the court, as is the case in the Marine Court. The intention of the law-makers being ascertained, that should govern and control in construing a law, although such construction seems contrary to the letter of the statute (*Tonnele* v. *Hall*, 4 N. Y. 140 ; *Reno* v. *Pinder*, 20 N. Y. 301).

Let us now inquire whether the defect of the absence of the seal could be cured, and if so, what power the Marine Court had to amend this process on the return day thereof. It has been held that a defect which can be waived by a party is an

irregularity, whereas if it cannot be waived it is a nullity, and renders the process or proceeding in which it occurs totally null and void (McNamara on Nullities, pp. 2, 3, and 6; *Holmes* v. *Russell*, 9 Dowl. 487; *Clapp* v. *Graves*, 26 N. Y. 420).

I presume it cannot very well be questioned that the defendants had the right to waive the omission of the seal to the warrant, and that if they had appeared in the action, and pleaded to the merits, the defect would have been waived.

If this be so, and even Judge Woodruff concedes it in *Churchill* v. *Marsh* (*supra*), then it would seem that the defect was merely an irregularity, and did not render the process null and void. By the revised statutes, the court in which any action is pending, has power, at any time before judgment, to amend any process, either in form or substance, for the furtherance of justice, on such terms as may be just (3 Rev. Stat. 5 ed. p. 721, sec. 1). And sec. 173 of the code provides that the court may, before or after judgment, amend any process or proceeding, by striking out the name of a party, or by correcting a mistake in any other respect. It has been repeatedly held that the Marine and other courts of inferior jurisdiction have the same general power to allow amendments that courts of record possess (*Cooper* v. *Kinney*, 2 Hilt. 12; *Perry* v. *Tynan*, 22 Barb. 139; *Brace* v. *Benson*, 10 Wend. 213; *Agreda* v. *Faulberg*, 3 E. D. Smith, 178; *Near* v. *Van Alstyne*, 14 Wend. 230; *Fulton* v. *Heaton*, 1 Barb. 552). If, therefore, this had been *mesne* process, or if the amendment had been allowed in any pleading or proceeding after the court had acquired jurisdiction, the power of the Marine Court to order the amendment could not be questioned. But this attachment was original process, by the service of which the court was to obtain jurisdiction of the person of the defendants, and as inferior courts must acquire their jurisdiction strictly in the manner prescribed by statute, I have had grave doubts as to the power of the court to amend it.

But on the other hand it may be said that as the language of both the revised statutes and of the code, declaring that "any process, &c.," may be amended, is broad enough to cover this case, and as the defect arose through the omission, neglect

or mistake of the clerk of the court, the plaintiff ought not to suffer (*Neele* v. *Berryhill*, 4 How. Pr. 16)., It is also to be remarked that the act requiring the Marine Court to affix a seal to its process was passed many years before either the Revised Statutes or the Code was passed, and it must be assumed that the lawmakers knew of its existence when the latter acts were passed, and that they passed them with reference to that, as well as any other law applicable to that court. Again, of late years the policy of the Legislature and the tendency of the courts seem to have been in favor of simplifying the practice in legal proceedings as much as possible, and of disregarding more and more mere technicalities and matters of form, especially where it may be necessary for the furtherance of justice.

To illustrate this, it is only necessary to refer to the act of 1847, by which the seal to process of courts of record may be dispensed with; the extensive provisions of the Revised Statutes and of the Code in regard to amendments, and the leaning of the court of last resort in favor of a liberal construction in proceedings by attachment, were upon questions of jurisdiction.

Then, too, it has been expressly held that original process may be amended as well as any other (*Bartholomew* v. *Chautauque B'k*, 19 Wend. 99; and see *Near* v. *Van Alstyne*, 14 Wend. 230; *Weir* v. *Slocum*, 3 How. Pr. 397; *Neele* v. *Berryhill*, 4 *Id.* 16; *People* v. *Steuben*, 5 Wend. 103).

In *Churchill* v. *Marsh* (*supra*), the question of the power of the Marine Court to amend the process by affixing the seal was neither discussed nor decided.

It is true Judge Woodruff intimates that the omission of the seal rendered the process void. But, as we have already seen, the better view would seem to be that it was merely an irregularity, and at all events it will be safe to treat it as such rather than as a nullity (26 N. Y. 420). We should also bear in mind that in the rendition of that decision one judge dissented, and although I do not feel disposed to question the correctness of the decision in that case, still I am inclined to think it went quite far enough, and should not be extended. The cases of *Hallett* v. *Righters* (13 How. Pr. 43), and *Kendall* v. *Washburn*

(14 *Id.* 380), are clearly distinguishable from the one under consideration. In both of those cases the summons was served by publication, and it was held that the statute providing for substituted service being new, must be strictly complied with or the court will not acquire jurisdiction, and that any defect or error in the proceedings, tending to confer jurisdiction, could not be cured by an amendment. Now the object of serving the summons on the defendant is to apprise him of the fact that an action has been commenced against him.

In certain cases where the defendant cannot be found, the statute allows the service to be made by publication. Surely in such a case the statute ought to be strictly pursued, as the defendant is clearly entitled to the benefit of all the means and methods which the law provides for informing him of the commencement of the action, *before* and not after judgment. And of course, if the statute is not complied with, the defendant has not in contemplation of law been served with the summons, and the court has not acquired jurisdiction of his person. So, too, if in a justice's court an action is commenced by attachment, and the affidavits upon which it is granted are insufficient to confer jurisdiction of the subject-matter on the court, I am of opinion that the defect could not be supplied, either by an amendment or the introduction of additional affidavits.

But the case at bar is entirely different. Here the Marine Court obtained jurisdiction of the subject-matter by the affidavits, and all that was required to authorize it to proceed legally, was to obtain jurisdiction of the persons of the defendants. That was accomplished by the personal service of the attachment. That, it seems to me, was the principal and essential act necessary to confer jurisdiction. The objection that the attachment had no seal, was, after all, only a technical one. One of the main, if not the main object, I take it, of having a seal affixed at all, is to assure the defendant that the process was in reality issued by the court. This was practically accomplished, when, on the return day, the court, in presence of defendant's counsel, ordered the process to be amended by having the seal affixed.

On the whole, I am of the opinion that the Marine Court had the power to order the amendment in question.

With respect to the third and last point, it would seem that no objection was made to the sufficiency of the sheriff's return, either before the justice on the return day of the attachment, or when the case was before the general term of the Marine Court on appeal, but the question was first raised at general term of this court. Now, as a rule, a party cannot, on appeal, raise a point which was not raised in the court below, nor insist on an objection not taken then, and rely upon it for a reversal of the judgment in the court of review (*Duffy* v. *Thompson*, 4 E. D. Smith, 178 ; *Willard* v. *Bridge*, 4 Barb. 361; *Merritt* v. *Thompson*, 1 Hilton, 550, *Id.* 361 ; 5 N. Y. 492). But as the point may be considered as affecting the jurisdiction of the court below, and as a question of that kind can probably be raised at any time, I will briefly consider it.

This attachment was issued under the act to abolish imprisonment for debt (Laws 1831, chap. 300, sec. 34). By sec. 36, it is provided that every attachment issued by virtue of that act shall be served in the manner provided by article 2, title 4, chap. 2, part 3 of the Revised Statutes, except that if the defendant can be found in the county, the copy of such attachment and inventory shall be served on him personally, instead of being left as in said article provided ; and the officer is also required to state specifically, in his return, whether such copy was or was not served on the defendant personally.

Now, there is nothing in the article of the revised statutes referred to, setting forth specifically what the return of the officer is to contain. But by sec. 29, he is required to execute the attachment at least six days before the return day, and immediately leave a copy of the attachment and inventory certified by him, at the last place of residence of the defendant, &c. ; and by sec. 33, he is required to make a return thereof, at a day thereon named, with all his proceedings thereon in writing, subscribed by him. In his return, the sheriff certifies that by virtue of the attachment, he did, on the 23d day of March, 1869, attach the property mentioned in an inventory annexed to the return, and further, that he served a copy of said attach-

ment and of the inventory duly certified by him on Felix J. Rozenberg, one of the defendants personally. The officer has, therefore, fully complied with the act of 1831, in that he has set forth in the return, that a copy of the attachment and of the inventory was served on the defendant personally. It also appears from the return, that in accordance with the provisions of the Revised Statutes, he executed the attachment six days before the return day mentioned therein. The only other duty the Revised Statutes imposed on the sheriff was, that he should serve the copy of the attachment, and of the inventory (which, by the act of 1831, was to be served on the defendant personally if he could be found in the county) *immediately.* The sheriff returns that he executed the attachment on a certain day, and further, that he served the defendant personally with a copy of the attachment and of the inventory, and I think the fair and reasonable intendment is, that he complied with the statute, and that the service was made on the 23d of March, when the attachment was issued.

As we have already seen, the Court of Appeals has held that a liberal indulgence should be extended to these proceedings, even upon questions of jurisdiction, as they would otherwise be rendered a snare rather than a beneficial remedy. In my opinion, therefore, the return was a substantial compliance with the statute, and sufficient, under the decisions, to confer jurisdiction on the court (*Bascom* v. *Smith*, 31 N. Y. 320; *Rosenfield* v. *Howard*, 15 Barb. 546; *Johnson* v. *Moss*, 20 Wend. 145; *Reno* v. *Pinder*, 20 N. Y. 298; *Van Alstyne* v. *Erwine*, 11 N. Y. 331).

And more especially as defendants, on the return day of the attachment, made no objection to the sheriff's return, but relied solely on other grounds to have the same dismissed.

But even if the return was insufficient, I am inclined to think, that under the provisions of the Revised Statutes and the Code relative to amendments, which, as we have seen, apply to the Marine Court, that court had the power to order the return of the sheriff to be amended, as was done in this case (3 Rev. Stat., 5 Ed. p. 721, §§ 1, 4, and 5; Code, § 173; *Perry* v. *Tynen*, 22 Barb. 137; and see opinion of Judge

Woodruff, in *Church* v. *Marsh*, 4 E. D. Smith, 369). The court may permit an amendment, notwithstanding the defendant does not appear in the suit (*Perry* v. *Tynen*, 22 Barb. 137). And although an appeal has been taken, the power of amendment is confined to the court in which the action originated, and when amended there, the return will, on motion, be conformed to it in the appellate court (*Gould* v. *Glass*, 19 Barb. 186 ; *Lyster* v. *Sniffin*, 3 How. Pr. 250 ; *Rew* v. *Barker*, 2 Cow. 408).

The judgment of the court below should be affirmed.

Judgment affirmed.