division, one must come within the class of persons therein described. The statute makes the qualifying words an' essential part of the crime. A justice has no more right to disregard them than he has, under the third subdivision or classification of the same section, to convict one of being 'a person who has contracted an infectious or other disease,' and disregard the additional and qualifying words of that class. Although the mere statement of the facts would seem sufficient to show the invalidity of the conviction, an authority for the conclusion which I have reached may be found in 19 How. Pr. 457, (In re Forbes.) In that case the words of the commitment were: 'Whereas, Catherine Forbes stands charged, and is, on competent testimony made before me, lawfully convicted, of being a vagrant, in this, to wit, that she is a common prostitute,' etc. The question there arose under an act applicable only to the city of New York, by which certain persons are declared to be vagrants, and one of the classes therein defined is, 'All common prostitutes who have no lawful employment whereby to maintain themselves. It will be observed that the language of that act, in describing this class of persons, is the same as contained in the section of the Code of Criminal Procedure under which the proceedings here were instituted. Mr. Justice Sutherland, before whom that case was heard, held that the conviction was erroneous, and in his opinion said: 'It is presumed that the prisoner, Catherine Forbes, was arrested and convicted under this act; but, by this act, common prostitution is neither defined, nor declared to be a crime.' By this act a certain class or description of common prostitutes are declared to be vagrants. Every word which defines this class, or makes a part of this description, is material and important. The magistrate, in acting under the act, has no right to drop or disregard one word of this description. To be a vagrant, within the act, the common prostitute must be without any lawful employment whereby to maintain herself."

---

## BUTTERWORTH et al. v. BOUTILIER et al.

(Supreme Court, General Term, Fourth Department. February, 1893.)

ATTACHMENT—AFFIDAVIT BY AGENT.

 Under Code Civil Proc. § 636, which requires an affidavit for attachment to show that plaintiff is entitled to recover a sum stated therein over and above all counterclaims known to him, an affidavit made by plaintiffs' agent is sufficient where it states that he made the sale to defendants; that he "has personal knowledge of the transfer to plaintiffs" of the notes given therefor, and has them, with the written assignment thereof, in his possession; and that the sum demanded is "over and above all counterclaims known to deponent or to plaintiffs." Cribben v. Schillinger, 30 Hun, 248, distinguished. Gribbon v. Back, 35 Hun, 541, followed.

Appeal from special term, Onondaga county.

Attachment by Edwin Butterworth and others against Enos Boutilier and another. From an order denying a motion to set aside the attachment, made on the papers used to obtain the attachment only, defendants appeal. Affirmed.

Argued before HARDIN, P. J., and MARTIN, J.

Smith M. Lindslay, for appellants.
Jones & Townsend, for respondents.

HARDIN, P. J. 1. Notwithstanding some of the affidavits used to obtain the attachment upon inspection are found to have a "want of a title," we think no error was committed in refusing to set

aside the attachment on that ground, as the affidavits "intelligibly referred to the action or special proceeding." Code Civil Proc. § 728.

2. In the affidavit of Demorest he says "that he is the agent of the plaintiffs;" and that "he has charge of the business of these plaintiffs at the city of New York, and made the sale of the goods to these defendants for plaintiffs as above set forth, and has personal knowledge of the transfer to plaintiffs of the notes above mentioned, and has in his possession the said notes and the written assignment thereof; * * * and that the amount of the plaintiffs' claim in said action is $4,409.64, and interest thereon from the ——— day of ———, 1892, over and above all counterclaims known to deponent or to plaintiffs." And then the affidavit proceeds to set out the grounds of the causes of action, with allegations that correspond to the averments in the complaint as to the plaintiffs' causes of action. In Crowns v. Vail, 51 Hun, 207, 4 N. Y. Supp. 326, in speaking of an affiant who had made an affidavit to obtain an attachment, Judge Van Brunt says:

"He is not required to swear as to counterclaims existing against his assignors. The requirement is that the affidavit must show that the plaintiff is entitled to recover the sum stated therein over and above all counterclaims known to him, and not known to him or his assignors."

In Cribben v. Schillinger, 30 Hun, 248, the attachment was vacated because the affidavit "did not show either that the attorney had any knowledge or the sources of his knowledge that the amount named was due over and above all counterclaims known to the plaintiffs;" and, in the course of the opinion in that case, Smith, P. J., said:

"As the attorney had no knowledge or information on that point, there was no proof whatever on the subject, and that lack of proof was a jurisdictional defect. Ruppert v. Haug, 87 N. Y. 141. We do not say that a sufficient affidavit cannot be made by an agent in any case, but, when made by him, there should be proof that he has knowledge, or at least satisfactory information, as to the essential facts stated by him; and, where he acts upon information only, the sources of his information should be stated, and the reasons why the affidavit is not made, by some one having knowledge of the facts."

We think the case before us is distinguishable from that one, and that it falls within the language just quoted; for in the affidavits before us it does appear that the agent had knowledge upon the subject, as well as information bearing upon the essential points contained in the affidavits. And in Gribbon v. Back, 35 Hun, 541, it was held that "the affidavit which section 636[1] of the Code of Civil Procedure requires the plaintiff to furnish on applying for an attachment need not be made by the plaintiff himself, but may be made by an agent." That was a case where the agent personally sold and delivered the goods. Yarn Mills v. Bilbrough, (Com. Pl. N. Y.) 21 N. Y. Supp. 2.

3. Taking the affidavits altogether undenied, we think they furnish a prima facie case, calling upon the officer to exercise his judgment

[1]Code Civil Proc. § 636, provides that an affidavit for attachment must show that plaintiff is entitled to recover a sum stated therein over and above all counterclaims known to him.

when the attachment was applied for. Conklin v. Dutcher, 5 How. Pr. 386; Van Alstyne v. Erwine, 11 N. Y. 340; Buell v. Van Camp, 119 N. Y. 160, 23 N. E. Rep. 538; James v. Richardson, 39 Hun, 399.

Order affirmed, with $10 costs and disbursements.